[Civil No. 2872. Filed January 12, 1932.]

[7 Pac. (2d) 254.]

MARICOPA COUNTY MUNICIPAL WATER CONSERVATION DISTRICT NUMBER ONE, a Corporation, BEARDSLEY LAND AND INVESTMENT COMPANY, a Corporation, and CARL PLEASANT, Appellants, v. SOUTHWEST COTTON COMPANY, a Corporation, and VALLEY RANCH COMPANY, a Corporation, Appellees.

(For original opinion, see *ante,* p. 65, 4 Pac. (2d) 369.)

Messrs. Hayes, Stanford, Walton, Allee & Williams and Messrs. Kibbey, Bennett, Gust, Smith & Rosenfeld, for Appellants.

Mr. James R. Moore, for Appellees.

Mr. O. J. Baughn, Messrs. Sloan, Holton, McKesson & Scott, Messrs. Chalmers, Fennemore & Nairn and Mr. U. T. Clotfelter, *Amici Curiae.*

LOCKWOOD, J.—Appellees have filed their petition for a rehearing of this appeal. They accept as correctly stating the law the two fundamental principles laid down by us in our opinion, *ante,* p. 65, 4 Pac. (2d) 369, to wit, that percolating waters are not subject to appropriation under the law of Arizona, and that when an appropriation is made from subterranean waters they must be shown to be of the same character as appropriable surface waters by clear and convincing testimony. They contend, however, that we have in effect affirmed their right of appropriation to a portion of the waters which were the subject matter of this action, and request that instead of sending this case back for a new trial we render judgment declaring their rights in such last-named waters.

In our opinion, we declared the waters in controversy to be divided into three classes: (1) That drawn through wells from underground waters not shown to be appropriable under the law; (2) that drawn from wells which might be appropriable under the law; and (3) surface waters of the Agua Fria River taken through what is known as the Marinette heading. Appellees accept our judgment as to the first class of waters, but ask us to affirm the right of appropriation to the last two classes mentioned as found by the trial court.

So far as the second class of waters is concerned, we think the motion should be denied. The test to be applied to such waters is that laid down by us for determining whether or not water is "underflow" of a surface stream. Evidence in regard to these waters was presented in the trial court on the theory that they came from dependent underground channels of the Agua Fria River and not from the river itself, and the findings and judgment of the trial court were based primarily upon that theory. The question of underflow in accordance with our definition thereof was touched only incidentally, if at all. We are of the opinion that since we laid down a theory of the right of appropriation of waters drawn from wells entirely different from that on which the trial court based its findings, it is but fair that both parties should have the opportunity of presenting evidence on this point based upon the proper theory of the law.

So far as the waters taken through the Marinette heading are concerned, the situation is somewhat different. The trial court in passing upon these waters correctly followed the law of surface appropriation, and were there nothing further required in the case than a mere declaration of the priority of appellees' right to the waters last named, we might perhaps render judgment as to them. There are two objec-

tions, however; to this course, one technical, and the other practical. As we intimated previously, under a technical construction of the pleadings appellees did not properly set up an abandonment of appellants' initiated rights of 1895, and, unless the pleadings are reformed, either in this or the lower court, a strict application of the rule would require that we hold appellants' rights to be prior in point of time to those of appellees. But even if we decline to treat the matter from a technical standpoint, and allow an amendment of the pleadings in this court, the practical difficulty still remains. The ultimate effect of this decree is that appellants will be obliged to supply certain water to appellees, either by allowing a large quantity of water to flow down the bed of the Agua Fria River until it reaches the Marinette heading and the Air Line heading of appellees, or, as is more probable in view of the great economy in the use of the water thereby obtained, appellants will construct canals from their main canal to the Marinette and Air Line headings and deliver the proper amount of water directly into appellees' canals. The amount of water so supplied will vary from time to time in accordance with the natural flow of the Agua Fria River, and it will undoubtedly be necessary that some officer of the court be appointed to determine how much water shall be so supplied by appellants. Further, if appellants make such delivery of water to appellees at the cost of the former, they are entitled to recover from appellees such sums as it has previously cost appellees to divert the water into their canal at the Marinette heading and to raise it and place it in their canal at the Air Line heading. This will require a periodical accounting by the parties. For these reasons, the case must at all times be a continuing one under the jurisdiction of the superior court. We think in view of all these facts it will be far simpler and more satisfactory in the end to re-

mand the case to the superior court so that it may render such judgment as is proper in accordance with our opinion, and establish means for carrying of the judgment into effect.

We think, however, that it is unnecessary that the entire case be tried *de novo* with the necessity of all the evidence previously offered being again presented in formal manner to the court. The interests of justice and the rights of both parties will be protected by providing that the trial court in rendering its judgment may consider all of the evidence of every nature taken before it at the previous trial on the record heretofore made, without the necessity of its being again formally offered by either party, and that each party may have the privilege of offering such additional evidence as may be material and necessary for the proper determination of the case along the lines indicated by us. Our previous opinion is therefore modified by adding thereto in the appropriate place the words,

"At such new trial all of the evidence appearing in the record of the previous trial may be considered by the trial court without the necessity of its being again offered in evidence, but either party may offer such new evidence as it may think proper, subject to the usual rules of law in regard to its admission, and the trial court shall render judgment upon both the evidence previously received and that offered and received at such new trial."

As so modified, the judgment previously rendered is affirmed and the motion for rehearing denied.

McALISTER, C. J., and ROSS, J., concur.