312 P.3d 117

Michael GRADY and Jennifer Grady, husband and wife, Petitioners,

v.

The Honorable Michael L. BARTH, Commissioner of the Superior Court of the State of Arizona, in and for the COUNTY OF MARICOPA, Respondent Commissioner,

Tri–City National Bank, a foreign corporation, its successors and/or assigns; Maricopa County Sheriff's Office, in its official capacity, Real Parties in Interest.

No. 1 CA–SA 13–0106.

Court of Appeals of Arizona, Division 1, Department E.

Sept. 19, 2013.

Politan & Associates PLLC by John R. Politan and Law Offices of Kyle A. Kinney, PLLC by Kyle A. Kinney, Scottsdale, Attorneys for Petitioners.

Jaburg & Wilk, PC by Janessa E. Koenig and Laura Rogal and Neal H. Bookspan, Phoenix, Attorneys for Real Party in Interest Tri–City National Bank.

William G. Montgomery, Maricopa County Attorney by Lori A. Lewis, Deputy County Attorney, Phoenix, Attorneys for Real Party in Interest Maricopa County Sheriff's Office.

## OPINION

NORRIS, Judge.

¶ 1 The issue in this special action is whether the superior court has discretion to deny a stay to a defendant in possession of property who is appealing a judgment in a forcible entry and detainer action when the plaintiff never had a landlord-tenant relationship with the defendant and, instead, purchased the property at a non-judicial trustee's sale. As we explain, the answer is "no."

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 The relevant facts are undisputed. In 2008, petitioners Michael and Jennifer Grady executed a promissory note secured by a deed of trust on improved residential real property in Maricopa County. On October 25, 2012, real party in interest Tri–City National Bank purchased the property at a trustee's sale and received a deed for the property from the trustee.

¶ 3 Tri–City then demanded the Gradys vacate the property. When the Gradys failed to do so, Tri–City sought possession of the property by bringing a forcible entry and detainer ("FED") action against them in superior court. *See generally* Ariz. Rev. Stat. ("A.R.S.") § 12–1173.01(A)(2) (2003). The Gradys answered Tri–City's FED complaint and raised several defenses challenging the underlying sale of their interest in the property under the deed of trust.

¶ 4 Subsequently, the superior court granted Tri–City's motion for judgment on the pleadings, finding Tri–City was entitled to possession. The court authorized issuance of a writ of restitution.

¶ 5 The Gradys timely appealed the judgment, and then requested the superior court stay execution of the judgment and writ of restitution, and set a bond pursuant to the Arizona Rules of Procedure for Eviction Actions. Tri–City opposed the Gradys' stay request, arguing the Gradys had "no right to an automatic stay on appeal" under either A.R.S. § 12–1182(B) (2003), the statute that authorizes a party-appellant in possession of the premises in an FED action to request the superior court stay the judgment pending appeal, or Eviction Rule 17, which is substantially similar to A.R.S. § 12–1182(B).

¶ 6 After conducting an evidentiary hearing on the Gradys' stay request, the superior court denied the request because Tri–City's FED action did not arise out of a landlord-tenant dispute. In so ruling, the superior court distinguished our supreme court's decision in *Tovar v. Superior Court,* 132 Ariz. 549, 647 P.2d 1147 (1982). As we discuss in more detail below, *Tovar* held the superior court did not have discretion to deny a commercial tenant's application to stay an FED judgment pending appeal as long as the tenant complied with statutory bonding requirements.

¶ 7 At Tri–City's urging, the superior court then evaluated the stay request under the criteria applied by Arizona courts in deciding whether to issue a preliminary injunction which, in *Smith v. Arizona Citizens Clean Elections Commission,* 212 Ariz. 407, 410, ¶ 9, 132 P.3d 1187, 1190 (2006), our supreme

court held should also be applied to stay requests "in the appellate context." Under *Smith*, a court must assess the appealing party's likelihood of success on the merits, weigh the competing harm to the parties if the stay is granted, and consider whether public policy favors a stay. *Id.* at 410, ¶ 10, 132 P.3d at 1190. Applying the *Smith* test, the superior court concluded the Gradys were not entitled to a stay, stressing they did not have a strong likelihood of success on the merits of their appeal.

¶ 8 The Gradys filed a special action asking us to direct the superior court to stay execution of the judgment pending their appeal as well as the writ of execution which, by then, had issued to the Sheriff of Maricopa County. We stayed execution of the writ of restitution pending resolution of this special action and required the Gradys to secure the stay by posting a bond meeting the requirements of A.R.S. § 12–1182(B). That statute is at the heart of this special action, and reads as follows:

> The appeal, if taken by the party in possession of the premises, shall not stay execution of the judgment unless the superior court so orders, and appellant shall file a bond in an amount fixed and approved by the court, conditioned that appellant will prosecute the appeal to effect and will pay the rental value of the premises pending the appeal and all damages, costs, and rent adjudged against him by the superior court or the supreme court.

*Id.*

## JURISDICTION

■ ¶ 9 In the exercise of our discretion, we accept special action jurisdiction. The Gradys have no equally plain, speedy, and adequate remedy by appeal. Ariz. R.P. Spec. Act. 1(a). Absent a stay, the Gradys will be evicted from the property. Further, the core issue presented in this special action

1. The supreme court decided *Tovar* in 1982. Although the Legislature has amended A.R.S. § 33–361 since then, the changes are irrelevant here. *See generally* A.R.S. § 33–361 (2007).

2. At common law, "a landlord could not dispossess a tenant who failed to keep his promise to pay rent, and had to be satisfied with damages

is whether the superior court has discretion under A.R.S. § 12–1182(B) to deny a party in possession's request to stay an FED judgment pending appeal. This issue is a question of law and one of statewide importance. *Jordan v. Rea,* 221 Ariz. 581, 586, ¶ 8, 212 P.3d 919, 924 (App.2009).

## DISCUSSION

■ ¶ 10 Forcible detainer is a purely statutory action and "[t]he procedural provisions of the forcible detainer statute ... are an integral part of the right itself and are not solely procedural." *Hinton v. Hotchkiss,* 65 Ariz. 110, 116, 174 P.2d 749, 753 (1946). Section 12–1182(B) is such a provision as it concerns whether a party in possession of the premises is entitled to a stay of an FED judgment pending appeal.

¶ 11 In *Tovar,* the supreme court held a superior court did not have discretion under A.R.S. § 12–1182(B) to deny a stay of an FED judgment pending appeal when the party in possession -- there, a commercial tenant -- could post a bond meeting the requirements of the statute. 132 Ariz. at 552, 647 P.2d at 1150. In so holding, the supreme court recognized the wording of A.R.S. § 12–1182(B) "would justify an interpretation that the trial court has discretion to grant or deny a stay." *Id.* at 551, 647 P.2d at 1149; *see* A.R.S. § 12–1182(B) ("appeal, if taken by the party in possession of the premises, shall not stay execution of the judgment *unless the superior court so orders* ... ") (emphasis added). Nevertheless, the court concluded otherwise, explaining A.R.S. § 12–1182(B) must be read in conjunction with A.R.S. § 33–361,[1] a statute that first, contrary to the common law,[2] allows a landlord to file an action to evict a tenant who fails to pay rent when due or violates a lease provision, and second, authorizes the landlord to commence and conduct the action under the FED statutes. 132 Ariz. at 551, 647 P.2d at

for the breach." *Found. Dev. Corp. v. Loehmann's, Inc.,* 163 Ariz. 438, 442, 788 P.2d 1189, 1193 (1990). Section 33–361 changed the common law rule and allows a landlord to terminate a lease for breach. *Id.* at 443, 788 P.2d at 1194; *see also* Peter D. Baird, *A Study of Arizona Lease Terminations,* 9 Ariz. L. Rev. 187, 189–90 (1967).

1149. Because an appealing tenant must file a bond meeting certain requirements to "perfect an appeal" from a judgment entered for the landlord in an action filed under A.R.S. § 33–361, the *Tovar* court concluded the two statutes, read together, led "to the conclusion that the legislative intent is that the tenant is entitled to possession pending appeal, subject to compliance with the statutes by filing a bond in an amount set by the court" sufficient to cover rental value and all damages, costs, and rent. *Id.* at 551–52, 647 P.2d at 1149–50. Accordingly, the court held the superior court had acted in excess of its jurisdiction in refusing to grant a stay and in failing to set a bond pursuant to the statutory requirements. *Id.* at 552, 647 P.2d at 1150.

¶ 12 Unlike the situation in *Tovar,* the FED action between Tri–City and the Gradys did not arise out of a landlord-tenant dispute, as the superior court recognized. Instead, Tri–City demanded possession after it acquired title to the property following a trustee's sale. The Gradys were, thus, "tenants at sufferance." Use of the word "tenant" in this phrase is unfortunate as a tenancy at sufferance is not a true landlord-tenant relationship, but rather an interest in property. It exists when a party who had a lawful possessory interest in property wrongfully continues in possession of the property after its interest terminated. *See generally Andreola v. Ariz. Bank,* 26 Ariz.App. 556, 558, 550 P.2d 110, 112 (1976); *Evans v. J Four Realty, LLC,* 164 N.H. 570, 574, 62 A.3d 869, 874 (2013) (tenant at sufferance is not "in a landlord-tenant relationship"; it is not a "tenancy in fact" because there is no privity between landlord and tenant).

¶ 13 Because Tri–City's FED action against the Gradys did not arise out of a landlord-tenant relationship, the superior court concluded the basis for the court's decision in *Tovar* -- A.R.S. § 33–361 -- was not implicated, and thus *Tovar* was inapplicable. The court then essentially concluded A.R.S. § 12–1182(B) -- standing alone, unmoored to A.R.S. § 33–361 authorized it to exercise discretion to grant or deny the Gradys' stay request. Although we agree with the superior court A.R.S. § 33–361 is not applicable here, we nevertheless believe the rule adopted in *Tovar* -- that a tenant in possession may obtain a stay pending appeal by posting a bond meeting the requirements of A.R.S. § 12–1182(B) -- applies with equal force to a tenant at sufferance who is in possession after a trustee's sale.

¶ 14 Since before statehood, Arizona's FED statutes have authorized a party to bring an FED action when "a tenant at will or by sufferance" or a tenant from month to month or for a lesser period wrongfully retains possession.[3] Ariz. Civ. Code ¶ 2008, § 3(1) (1887); Ariz. Civ. Code ¶ 2670, § 3(1) (1901); Ariz. Civ. Code ¶ 1527(1) (1913); Ariz. Rev. Code § 4313 (1928); Ariz. Code § 27–1203 (1939); A.R.S. § 12–1173(A)(1) (1956); A.R.S. § 12–1173 (2003). *See also* Ariz. Civ. Code ¶ 2006, § 1(3) (1887) (person is guilty of forcible detainer if he "willfully and without force hold[s] over any lands ... after the termination of the time for which such lands ... were let to him or to the person under whom he claims"); Ariz. Civ. Code ¶ 2668, § 1(3) (1901) (same); Ariz. Civ. Code ¶ 1525(3) (1913) (same); Ariz. Rev. Code § 4311 (1928) (same); and, with inconsequential changes, Ariz. Code § 27–1201 (1939), A.R.S. § 12–1171(3) (1956), and A.R.S. § 12–1171(3) (2003). As Arizona courts recognized, these statutes contemplated or were dependent upon a landlord-tenant relationship. For example, in *Phoenix–Sunflower Industries, Inc. v. Hughes,* 105 Ariz. 334, 336, 464 P.2d 617, 619 (1970), our supreme court held a vendor could not maintain an FED action against a vendee, explaining FED actions were dependent on a landlord-tenant relationship. *See also Olds Bros. Lumber Co. v. Rushing,* 64 Ariz. 199, 204, 167 P.2d 394, 397 (1946) (object of FED action is to afford summary, speedy, and adequate remedy for obtaining possession of premises withheld by tenant in violation of tenancy or lease); *Moore v. Blackstone,* 20 Ariz. 328, 329, 180 P. 526, 527 (1919) (FED

---

**3.** A party could also bring an FED action against a person who had made a forcible entry -- a situation not presented here.

action "lies under . . . statute only when the premises are demised or let to the defendant or some person under whom he claims.").

¶ 15 In *Andreola*, however, this court expanded the reach of an FED action by holding forcible detainer was not limited to the formal landlord-tenant situation. 26 Ariz. App. at 559, 550 P.2d at 113. Distinguishing *Hughes*, we held a holder of a trustee's deed could bring an FED action against holdover former owners because they were also tenants at sufferance under A.R.S. § 12–1173(1) (2003), which then, as now, states there is a forcible detainer when a tenant "at will or by sufferance" refuses to surrender possession. *Id.* at 558–59, 550 P.2d at 112–13.

¶ 16 In 1984, two years after the supreme court decided *Tovar*, the Arizona Legislature not only codified the result in *Andreola* by expressly authorizing an FED action when property has been sold at a trustee's sale, but also expanded the scope of such an action to include transactions in which a party retains possession after the property has been sold by the owner or through a judicial foreclosure, by virtue of an execution, or forfeited through a contract for conveyance. A.R.S. § 12–1173.01, 1984 Ariz. Sess. Laws, ch. 121, § 2 (2nd Reg. Sess.).

¶ 17 In light of the Legislature's expansion of the availability of FED actions, we must construe A.R.S. § 12–1182(B) accordingly. While the *Tovar* court addressed a classic landlord-tenant situation and relied on A.R.S. § 33–361 to interpret A.R.S. § 12–1182(B), the court did not hold A.R.S. § 12–1182(B) applied only when a landlord-tenant relationship existed. *Tovar* did not foreclose stay protection to a party who holds over after a trustee's sale. Indeed, after the Legislature broadened the scope of the FED statutes to explicitly include various types of transactions and individuals far removed from a landlord-tenant relationship, it would be illogical, and contrary to the purpose of that expansion, to read *Tovar* narrowly and carve out different rules for stays under A.R.S. § 12–1182(B) that vary depending on the nature of the parties' relationship (i.e., landlord-

tenant, trustee-trustor, mortgagee-mortgagor, vendor-vendee). *See P & P Mehta LLC v. Jones,* 211 Ariz. 505, 507, ¶ 11, 123 P.3d 1142, 1144 (App.2005) ("standard interpretive directive to courts is to construe statutes to reach sensible results").

▮ ¶ 18 Although we acknowledge, as *Tovar* did, the wording of A.R.S. § 12–1182(B) could be read to "justify an interpretation" that a superior court has discretion to grant a stay, *see supra* ¶ 11, we will not adopt that interpretation here. Instead, consistent with *Tovar,* the Legislature's subsequent expansion of FED actions, and the language of A.R.S. § 12–1182(B) when read as an integrated whole,[4] we construe A.R.S. § 12–1182(B) as requiring the superior court to stay execution of an FED judgment pending appeal when the party in possession posts a bond conditioned on prosecuting the appeal "to effect" and in an amount sufficient to cover rental value and all awarded damages, costs, and rent. Accordingly, the superior court should not have evaluated the Gradys' request for a stay by applying *Smith* and the criteria it established for stays "in the appellate context."

¶ 19 We find further support for our construction of A.R.S. § 12–1182(B) in both the historical circumstances that existed when the Legislature enacted what became § 12–1182(B) and other provisions of the FED statutes. *See Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996) (court determines legislative intent by reading statute as a whole and by considering factors such as statute's context, subject matter, and historical background); *Maricopa Cnty. Mun. Water Conservation Dist. No. 1 v. Sw. Cotton Co.,* 39 Ariz. 65, 77, 4 P.2d 369, 374 (1931), *modified on petition for rehearing,* 39 Ariz. 367, 7 P.2d 254 (1932) (in determining meaning of words used in statutes, court "must take into consideration the surrounding circumstances at the time when they were used, and they should be given a definition consonant with ideas then prevailing").

¶ 20 In 1913, the First Legislature of the State of Arizona enacted what is now A.R.S. § 12–1182(B). Ariz. Civ. Code ¶ 1550 (1913).

---

**4.** "To arrive at legislative intent, the court looks to the words, context, subject matter, effects and consequences, reason and spirit of the law."

*State v. Schoner,* 121 Ariz. 528, 530, 591 P.2d 1305, 1307 (App.1979) (citation omitted).

At that time, it was well established that a party appealing a judgment could stay it simply by posting a qualifying bond. *Levy v. Stofella*, 14 Ariz. 262, 264, 127 P. 725, 725 (1912) (if supersedeas bond has been given, it will stay execution of the judgment pending appeal "by operation of law"); *see Sandoval v. U.S. Fid. & Guar. Co.*, 12 Ariz. 348, 350, 100 P. 816, 817 (1909), *rev'd on other grounds*, 223 U.S. 227, 32 S.Ct. 298, 56 L.Ed. 415 (1912) (defendant stayed execution of money judgment by posting bond); *Shaw v. Pima County*, 2 Ariz. 399, 401, 18 P. 273, 273 (1888) (judgment stayed by defendant upon posting bond). Although, as discussed, forcible detainer is purely a statutory action, *see supra* ¶ 10, the Legislature's enactment in 1913 of what became A.R.S. § 12–1182 was, we believe, informed by the general practice in Arizona courts regarding stay requests.

¶ 21 Further, when A.R.S. § 12–1182(B) was first enacted in 1913, and even today, the Legislature provided that parties appealing an FED judgment from justice court to the superior court could obtain a stay simply by posting a bond meeting statutory requirements. Ariz. Civ. Code ¶¶ 1541–43 (1913); A.R.S. § 12–1179 (Supp.2012).[5] It would have been illogical for the Legislature to grant a justice court litigant a stay as a matter of right but withhold that right from a party in possession who is appealing an FED judgment entered by the superior court. Although worded differently, the statutory provisions that provide for stays pending appeal from justice and superior court FED judgments share the same subject and general purpose and should be read together, "as though they constituted one law." *State ex rel. Larson v. Farley*, 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970).

¶ 22 Finally, we reject Tri–City's argument we should construe A.R.S. § 12–1182(B) consistently with Eviction Rule 17(c), which Tri–City reads as granting a superior court discretion to grant or deny a stay of an FED judgment pending appeal. First, although the supreme court may issue rules regulating pleading, practice, and court procedure, it may not "abridge, enlarge or modify substantive rights of a litigant." A.R.S. § 12–109(A) (2003). Thus, even if we were to read Eviction Rule 17 as Tri–City does, the procedural provisions of the FED statutes are an "integral part of the right itself and are not solely procedural," and a procedural rule, even one subsequently enacted, cannot supersede or repeal a substantive right. *Hinton*, 65 Ariz. at 116, 174 P.2d at 753–54 (1946) (procedural provisions of FED statutes not superseded by rules of civil procedure); *see also Albano v. Shea Homes Ltd. P'ship*, 227 Ariz. 121, 127, ¶ 26, 254 P.3d 360, 366 (2011) ("We have repeatedly recognized that when a constitutionally enacted substantive statute conflicts with a procedural rule, the statute prevails.").

¶ 23 Second, although, as we have held, a superior court does not have discretion to deny a party in possession a stay pending appeal when it posts a bond meeting the requirements of A.R.S. § 12–1182(B), the court retains discretion to determine whether that party's bond actually meets those requirements. *See Tovar*, 132 Ariz. at 551–52, 647 P.2d at 1149–50 (remanding to superior court so tenant may file bond in amount set by the court pursuant to statutory requirements); *Williams v. Miles*, 212 Ariz. 155, 158–59, ¶¶ 13–17, 128 P.3d 778, 781–82 (App. 2006). Accordingly, Eviction Rule 17 can be construed as authorizing the superior court to exercise the type of discretion granted to it by A.R.S. § 12–1182(B).

## CONCLUSION

¶ 24 For the foregoing reasons, we accept jurisdiction and grant relief. We remand this case to the superior court for it to set a bond in accordance with this opinion and A.R.S. § 12–1182(B) and to grant the Gradys a stay pending their appeal conditioned upon their filing of such a bond.

CONCURRING: MICHAEL J. BROWN and DIANE M. JOHNSEN, Judges.

---

5. This was even true before statehood. Ariz. Civ. Code ¶¶ 2021–23 (1887); Ariz. Civ. Code ¶¶ 2684–86 (1901).