NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

CULVER CITY PROPERTIES, LLC, *Plaintiff/Appellee*,

*v.*

CARLOS HECTOR A. REYES, *Defendant/Appellant*.

No. 1 CA-CV 17-0335
FILED 2-15-2018

---

Appeal from the Superior Court in Maricopa County
No. CV2016-015635
The Honorable David W. Garbarino, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Carlos Hector A. Reyes, Phoenix
*Defendant/Appellant*

_____

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Chief Judge Samuel A. Thumma joined.

_____

**C R U Z**, Judge:

**¶1**        Carlos A. Reyes appeals from the superior court's eviction judgment granting Culver City Properties, LLC ("Culver City") immediate possession of real property and awarding it damages in the amount of $3,931.25.  Because Reyes has shown no error, we affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        Reyes previously owned real property that was purchased by Culver City (the "Property") at a trustee's sale in September 2016.  A trustee's deed upon sale was executed two days later and recorded with the Maricopa County Recorder's Office shortly thereafter.  After the Property was purchased but before the trustee's deed was recorded, Culver City sent Reyes a written demand for immediate surrender and possession of the Property.[1]  Reyes did not surrender possession.

**¶3**        In late September 2016, Culver City filed its forcible detainer complaint to evict Reyes from the Property.  In addition to immediate

_____

[1]      Although Reyes disputes the precise date the demand was mailed, and alleges a justice court matter was filed before the superior court action resulting in this appeal, he offered no evidence supporting such claims. Additionally, further consideration of those issues is not necessary for the resolution of this appeal.

possession, Culver City requested damages, including rent, court costs, and attorneys' fees.[2]

¶4 The superior court held an evidentiary hearing and found Reyes guilty of special/forcible detainer. In addition to immediate possession of the premises, the court awarded $3,931.25 in damages, after accruing costs against Reyes. The damages included rent, court costs, attorneys' fees, and interest.

¶5 After entry of a final judgment, Reyes timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

¶6 Reyes' opening brief does not comply with Arizona Rules of Civil Appellate Procedure ("ARCAP") 13(a) and 13(d) because it neither identifies the standard of review nor contains any citation to the record. *See* ARCAP 13(a)(7) (stating the opening brief shall contain argument with "citations of legal authorities and appropriate references to the portions of the record on which the appellant relies" and identify "the applicable standard of appellate review"). Such a brief could constitute a waiver of Reyes' arguments on appeal. *See Sholes v. Fernando*, 228 Ariz. 455, 461, ¶ 16 (App. 2011). Moreover, although Reyes is self-represented and not a lawyer, he is held to the same standards as a lawyer licensed to practice law in Arizona because he is acting as his own lawyer. *Copper State Bank v. Saggio*, 139 Ariz. 438, 441 (App. 1983). Culver City, by contrast, did not file an answering brief. This failure could be read as a confession of error. *Nydam v. Crawford*, 181 Ariz. 101, 102 (App. 1994). Notwithstanding these deficiencies by both parties to the appeal, this court prefers to decide cases on the merits. *See Clemens v. Clark*, 101 Ariz. 413, 414 (1966). Accordingly, we will address the merits of Reyes' arguments on appeal.

---

[2] Reyes argues that because non-party Ariel Global Investments, LLC is listed on the complaint's caption as "in care of" Culver City, the complaint is fatally defective and the superior court's order should be reversed. Contrary to Reyes' argument, Culver City is listed as the Plaintiff and Culver City is the grantee of the real property in the trustee's deed. Culver City, as grantee on the deed of trust, is properly listed as the Plaintiff.

**¶7**        Reyes argues that a tenant at sufferance should be awarded the same rights as a tenant under the Arizona Residential Landlord and Tenant Act ("ARLTA"). Reyes further argues that the superior court improperly included rent and attorneys' fees as part of Culver City's damages. We review both issues *de novo*. *Green v. Garriott*, 221 Ariz. 404, 408, ¶ 9 (App. 2009); *Desert Mountain Prop. Ltd. P'ship v. Liberty Mut. Fire Ins. Co.*, 225 Ariz. 194, 216, ¶ 99 (App. 2010)). Neither argument, however, has merit.

I.        A Tenant at Sufferance Is Not a Tenant Under ARLTA

**¶8**        Reyes argues that as a tenant at sufferance, he is afforded the protections provided to a tenant by ARLTA. Under ARLTA, however, a "tenant" is defined as a "person entitled *under a rental agreement* to occupy a dwelling unit to the exclusion of others." A.R.S. § 33-1310(16) (emphasis added). A tenant at sufferance, by contrast, is "when a party who had a lawful possessory interest in property wrongfully continues in possession of the property after its interest terminated." *Grady v. Barth ex rel. County of Maricopa*, 233 Ariz. 318, 321, ¶ 12 (App. 2013). As the *Grady* court noted, "[u]se of the word 'tenant' . . . is unfortunate as a tenancy at sufferance is not a true landlord-tenant relationship . . . ." *Id.*; *see also Evans v. J Four Realty, LLC*, 62 A.3d 869, 874 (N.H. 2013) (stating a tenant at sufferance is not "in a landlord-tenant relationship" and "is not a 'tenancy in fact' because there is 'no privity between [the] landlord and tenant'").

**¶9**        In this case, Reyes did not have a lease with Culver City. He did not have permission to possess the Property after Culver City purchased it. In fact, days after purchasing the Property, Culver City sent Reyes a demand letter that stated his "right to occupy . . . [the Property] is hereby terminated and demand is hereby made for [him] to surrender and give immediate possession" of the Property. In its complaint, Culver City alleged that Reyes "wrongfully withholds possession of the [Property] from" Culver City. There was no landlord-tenant relationship between Reyes and Culver City. Rather, Reyes wrongfully occupied the Property, and within days of purchasing it, Culver City acted to obtain possession of its Property. Because Reyes was a tenant at sufferance, there was no landlord-tenant relationship with Culver City, and Reyes was not afforded the protections provided to a tenant under the ARLTA.

II.    The Superior Court Properly Awarded Culver City Rent and Attorneys' Fees

¶10    Reyes argues the superior court erred in including fair market rent and attorneys' fees as damages. Reyes correctly points out that the only issue in a forcible detainer is the right of actual possession, not the issue of title. A.R.S. § 12-1177(A). When the court found Reyes guilty of forcible entry and detainer, it was required to give judgment to Culver City for the Property, along with "damages, attorney fees, court and other costs . . . ." A.R.S. § 12-1178(A).

¶11    Reyes' refusal to vacate the Property denied Culver City the use of its own property. It could not use the Property for its own enjoyment, nor could it rent the Property to a tenant. Therefore, the court properly awarded Culver City the Property's fair market rental value under the "damages" provision in A.R.S. § 12-1178(A).[3] In addition to fair market rent, A.R.S. § 12-1178(A) required the superior court to award Culver City its attorneys' fees and costs.

**CONCLUSION**

¶12    For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[3]    Reyes declined to provide the eviction hearing transcript, so this Court will presume the superior court findings regarding fair market value of rent were supported by evidence. *See Walker v. Walker*, 18 Ariz. App. 113, 114 (1972) (holding that if the appellant fails to file a transcript with the appellate court, the Court "must presume that the findings by the trial court were supported by the evidence at trial"). Even without the transcript, the record shows that the court considered the fair market rent at the hearing. The trial exhibits include real estate listings of comparable properties with rent ranging from $1,400 - $1,950/month.