**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ERIK SAMUEL DE JONG; DARYL LYNN DE JONG,<br><br>Debtors,<br><br>------------------------------<br><br>ERIK SAMUEL DE JONG; DARYL LYNN DE JONG,<br><br>Appellants,<br><br>  v.<br><br>JLE-04 PARKER, L.L.C.,<br><br>Appellee. | No.   18-60049<br><br>BAP No. 17-1280<br><br>MEMORANDUM[*] |
| In re: ERIK SAMUEL DE JONG; DARYL LYNN DE JONG,<br><br>Debtors,<br><br>------------------------------<br><br> ERIK SAMUEL DE JONG; DARYL LYNN DE JONG,<br><br>Appellants, | No.   18-60050<br><br>BAP No. 17-1292 |

        *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

JLE-04 PARKER, L.L.C.,

      Appellee.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Spraker, and Bason, Bankruptcy Judges, Presiding

In re: ERIK SAMUEL DE JONG; DARYL LYNN DE JONG,

      Debtors,

------------------------------

ERIK SAMUEL DE JONG; DARYL LYNN DE JONG,

      Appellants,

v.

JLE-04 PARKER, L.L.C.,

      Appellee.

No. 19-60021

BAP No. 18-1314

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Spraker, and Kurtz, Bankruptcy Judges, Presiding

Argued and Submitted February 5, 2020
Phoenix, Arizona

Before: GRABER, HURWITZ, and MILLER, Circuit Judges.

Debtors Erik and Daryl de Jong appeal the Bankruptcy Appellate Panel's (the

"BAP") decision affirming the bankruptcy court's finding of conscious trespass and awarding disgorgement of profits. We affirm.

1. The bankruptcy court did not err in finding the de Jongs to be trespassers. *See In re Pettit Oil Co.*, 917 F.3d 1130, 1133 (9th Cir. 2019) (stating standard of review). In the forcible entry and detainer action (the "FED Action"), the Arizona state court found that because the trustee's sale to JLE terminated the lease, *see* Ariz. Rev. Stat. § 33-811(E), the de Jongs thereafter were "on the Dairy Property without any right to be there." That finding establishes "unauthorized physical presence," or trespass. *State ex rel. Purcell v. Superior Court*, 535 P.2d 1299, 1301 (Ariz. 1975); *Ranch 57 v. City of Yuma*, 731 P.2d 113, 116 (Ariz. Ct. App. 1986).[1]

2. The bankruptcy court did not clearly err in finding the trespass to be conscious. *See In re Pettit*, 917 F.3d at 1133 (stating standard of review). Erik de Jong admitted that he knew the lease "could be terminated at the drop of a hat," but still refused to vacate after the trustee's sale. Nor did the bankruptcy court authorize the continued occupation of the dairy farm by the de Jongs until June 1, 2014. The court instead told the de Jongs that they would not be evicted before then pursuant to the judgment in the FED Action, but encouraged them to leave as soon as possible,

---

[1] Although the state court described the de Jongs as "tenants at sufferance," that status is not inconsistent with liability for trespass, as a tenant at sufferance "wrongfully continues in possession." *Grady v. Barth ex rel. Cty. of Maricopa*, 312 P.3d 117, 120 (Ariz. Ct. App. 2013).

and did not preclude JLE from seeking damages arising from continuing trespass.

3. The bankruptcy court did not err in ordering disgorgement. *See id.* (stating standard of review). Although there is no Arizona case directly on point, Arizona courts typically look to the American Law Institute's Restatements of the Law in the absence of controlling state law. *Keck v. Jackson*, 593 P.2d 668, 669 (Ariz. 1979). The Restatements expressly allow for the disgorgement of profits derived from the conscious trespassory use of real property. *See, e.g.*, Restatement (Third) of Restitution and Unjust Enrichment § 40 cmt. b (2011); Restatement (Second) of Torts § 929 cmt. c (1979); Restatement (First) of Restitution § 151 cmt. f (1937). As the Third Restatement emphasizes:

> If a conscious wrongdoer were able to make profitable, unauthorized use of the claimant's property, then pay only the objective value of the assets taken or the harm inflicted, the anomalous result would be to legitimate a kind of private eminent domain (in favor of a wrongdoer) and to subject the claimant to a forced exchange.

Restatement (Third) of Restitution and Unjust Enrichment § 3 cmt. c (2011). Consistent with that view, the Arizona Supreme Court has emphasized that the "remedy of restitution is not confined to any particular circumstance or set of facts. It is, rather, a flexible, equitable remedy . . . ." *Murdock–Bryant Constr., Inc. v. Pearson*, 703 P.2d 1197, 1202 (Ariz. 1985). And, applying Arizona law, we have previously ordered a disgorgement remedy for conscious trespass to real property. *Andersen v. Bureau of Indian Affairs*, 764 F.2d 1344, 1348 (9th Cir. 1985).

4. The BAP did not err in ordering disgorgement of all profits derived from the trespass. *See In re Pettit*, 917 F.3d at 133 (stating standard of review). Disgorgement generally requires "a wrongdoer to turn over all profits obtained by violating the law." *Consumer Fin. Prot. Bureau v. Gordon*, 819 F.3d 1179, 1195 (9th Cir. 2016). As the BAP correctly noted, the de Jongs' "wrongful trespass affected and enabled their entire dairy business, not a mere component of a larger enterprise."

**AFFIRMED.**