NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

SUNSTATE ACQUISITIONS, LLC, *Plaintiff/Appellee*,

*v.*

SCOTT ELFLEIN, *Defendant/Appellant*.

No. 1 CA-CV 23-0347
FILED 3-19-2024

---

Appeal from the Superior Court in Maricopa County
No. CV2023-006719
The Honorable Richard F. Albrecht, Judge *Pro Tempore*

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

---

APPEARANCES

Zona Law Group, P.C., Scottsdale
By Scott E. Williams, Amy N. Topel
*Counsel for Plaintiff/Appellee*

Scott Elflein, Phoenix
*Defendant/Appellant*

_____

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Jennifer B. Campbell joined.

_____

**B R O W N**, Judge:

**¶1**    Scott Elflein appeals the superior court's eviction judgment in favor of Sunstate Acquisitions.  For the following reasons, we affirm in part and vacate and remand in part.

## BACKGROUND

**¶2**    In June 2022, a Utah-based limited liability company purchased Elflein's home ("Property) at a sheriff's sale.  That company transferred the Property to Sunstate on April 20, 2023, and the deed was recorded the following day.  Six days later Sunstate purportedly served Elflein with a demand for possession, and then filed a forcible entry and detainer action, seeking immediate possession of the Property, a writ of restitution, unpaid rent dating back to June 2022, and attorneys' fees and costs.

**¶3**    Shortly after Sunstate served Elflein with the summons and complaint, the superior court held a hearing and entered judgment in favor of Sunstate, awarding immediate possession of the Property, back rent totaling $24,000, and attorneys' fees and costs.  Elflein timely appealed, and we have jurisdiction under A.R.S. §§ 12-1182 and 12-2101(A)(1).

## DISCUSSION

**¶4**    Elflein's opening brief does not comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(a)(5)–(7), which requires an appellant to include a statement of facts, a statement of issues for review, and citations to both the record and to legal authority. ARCAP 13(a). Elflein's brief contains none of these features.  But given our general preference to resolve cases on their merits, in our discretion, we decline to dismiss Elflein's appeal for his noncompliance with those procedural requirements.  *See Clemens v. Clark*, 101 Ariz. 413, 414 (1966); *Ramos v. Nichols*, 252 Ariz. 519, 523, ¶ 10 (App. 2022).  To the extent we can fairly discern the nature of Elflein's challenge to the judgment, we address those

issues. Because Elflein has not provided a transcript of the eviction hearing, however, we presume that the evidence presented at the hearing supports the judgment. *See* ARCAP 11(c) (placing the burden on the appellant to order transcripts necessary to consider issues on appeal); *Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9 (App. 2010).

### A. Demand for Possession

**¶5** Elflein challenges Sunstate's service of process. A valid demand for possession is a prerequisite to commencing a forcible entry and detainer action. *Alton v. Tower Cap. Co.*, 123 Ariz. 602, 604 (1979). A person is guilty of forcible detainer if they "[w]ilfully and without force hold[] over any . . . real property after termination of the time for which such . . . real property were let to [them] . . . *after demand made in writing for the possession thereof* by the person entitled to such possession." A.R.S. § 12-1171(A)(3) (emphasis added); *see also* A.R.S. § 12-1173(1) ("There is a forcible detainer if [a] tenant [] by sufferance . . . retains possession . . . after he receives written demand of possession by the landlord.").

**¶6** Elflein contends that he was not properly served with various legal documents, and that, instead, they were delivered to a neighbor named "David Doe" with a similar address. The demand for possession and corresponding declaration of service (purportedly served on April 27) list Elflein's correct address, but the documents also state they were delivered to a "David Doe." Although the record is not clear as to whether Elflein was served with the demand for possession on April 27, Sunstate's declaration of service for the complaint and summons (served on May 3) also included a copy of the demand for possession. The declaration of service for the latter group of documents identifies Elflein, rather than Doe, as the recipient of the documents. Moreover, Elflein never denied receiving the demand for possession before the hearing. On this record, Elflein has not shown that service was improper.

### B. Continuance

**¶7** Elflein argues the superior court should have granted a continuance, which he requested at the eviction hearing, and that without such he was left without counsel. However, "a motion for continuance is addressed to the sound discretion of the trial court and its ruling will not be disturbed unless that discretion has been abused." *Yates v. Superior Court*, 120 Ariz. 436, 437 (App. 1978). And though these proceedings developed quickly, forcible entry and detainer actions are meant to provide a "summary, speedy[,] and adequate remedy for obtaining possession" of

property one has a right to. *United Effort Plan Tr. v. Holm*, 209 Ariz. 347, 351, ¶ 21 (App. 2004); *see also Old Bros. Lumber Co. v. Rushing*, 64 Ariz. 199, 204–05 (1946) (noting that forcible entry and detainer actions are limited in the issues that may be raised to keep such actions summary and speedy). Elflein does not point to any portion of the record showing that he was precluded from securing counsel due to time constraints. Thus, he has failed to show the court abused its discretion in declining to grant a continuance.

### C. Unpaid Rent

**¶8** Elflein argues he never received notice that he or the Property were subject to a rental agreement and thus suggests the court erred in awarding Sunstate $24,000 in unpaid rent. However, because the Property had been sold at the sheriff's sale, by remaining in the home after losing title, he became a "tenant at sufferance." *See Grady v. Barth*, 233 Ariz. 318, 321, ¶ 12 (App. 2013); *Andreola v. Ariz. Bank*, 26 Ariz. App. 556, 558 (App. 1976). The concept of a "tenant" in this context is a misnomer as this is not a true landlord-tenant relationship; it does not arise from a rental agreement, but from Elflein remaining on the Property without legal right. *Grady*, 233 Ariz. at 321, ¶ 12. Likewise, the "rent" in this judgment does not reflect an amount owed by way of a rental agreement—it consists of damages incurred by Sunstate for Elflein's possession of the Property without legal right. *See* A.R.S. § 12-1178(A); *Merrifield v. Merrifield*, 95 Ariz. 152, 154 (1963); *Montano v. Luff*, 250 Ariz. 401, 404, ¶ 9 (App. 2020).

**¶9** Elflein questions the court's decision to award past due rent back to June 2022, asserting Sunstate was only eligible for such an award after it became the owner of the Property, which occurred on April 20, 2023. The court awarded Sunstate $24,000 in back rent, which tracks the allegation in Sunstate's complaint that it was owed unpaid rent at a rate of $2,000 per month dating back to June 9, 2022. But the documents attached to the complaint confirm that Sunstate did not acquire the Property until April 20, 2023. Thus, absent more, it could not properly claim damages for unpaid rent that accrued before that date. *See Montano*, 250 Ariz. at 405, ¶ 11 (affirming an award of rent in a forcible entry and detainer action that commenced from the date the new purchaser recorded his deed).

**¶10** In its answering brief, Sunstate contends that "substantial evidence" supported the court's decision, but does so in the context of ownership, service, and entitlement to a judgment and does not identify any specific evidence. Moreover, nothing in the record reveals that Sunstate made any claim that other entities or persons who had title to the

property before April 20, 2023 assigned those claims to Sunstate. And though we assume evidence at the hearing supported the court's judgment due to the lack of a transcript, the court's minute entry states that only Elflein (who would have no knowledge of such an assignment) testified. The record, which plainly shows that Sunstate owned the property for only a few weeks before obtaining the judgment, does not support an unpaid rent award of $24,000.

### D. Attorneys' Fees and Costs on Appeal

**¶11** Sunstate requests its attorneys' fees on appeal, citing only ARCAP 21. That rule, however, requires the party requesting fees to "specifically state the statute, rule, decisional law, contract, or other authority for an award of attorneys' fees." ARCAP 21(a)(2). The rule "does not create any substantive right to [attorneys' fees];" it merely provides the procedure by which to make such a request. ARCAP 21(a)(2). We therefore deny Sunstate's fee request. Because Elflein is the successful party under A.R.S. § 12-342 (addressing costs on appeal), he is awarded taxable costs subject to his compliance with ARCAP 21.

### CONCLUSION

**¶12** We vacate the court's damages award for unpaid rent and remand for calculation of an amount that is consistent with Sunstate's ownership of the Property. We affirm the remainder of the judgment.



AMY M. WOOD • Clerk of the Court
FILED:    AA