NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

R & A SMART INVESTMENTS, LLC, *Plaintiff/Appellee*,

*v.*

DAVID GODWIN FRANK, *Defendant/Appellant*.

No. 1 CA-CV 23-0471
FILED 3-26-2024

Appeal from the Superior Court in Maricopa County
No. CV2023-008344
The Honorable Richard F. Albrecht, Commissioner Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Zona Law Group P.C., Scottsdale
By Scott E. Williams, Amy N. Toppel
*Counsel for Plaintiff/Appellee*


By David Godwin Frank, Phoenix
*Defendant/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Anni Hill Foster delivered the decision of the Court, in which Judge Brian Y. Furuya and Vice Chief Judge Randall M. Howe joined.

**F O S T E R**, Judge:

¶1         David Frank appeals the superior court's eviction ruling in favor of R & A Smart Investments, LLC ("Smart Investments"). For the following reasons, the judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2         The contested property in this case was previously owned by Ekpeno Enyie, Frank's mother, who encumbered the property with a deed of trust in 2015. Enyie died in 2019, and Frank inherited the property. Nothing in the record indicates whether payments were made toward the mortgage after her death. But in May 2023, the property was sold at a trustee's sale to AK 2010 LLC, who subsequently sold the property to Smart Investments. Smart Investments sent a notice by certified mail to the occupants of the property stating the property had been sold at a trustee's sale and that all occupants must vacate. The next month, because the property remained occupied, Smart Investments filed its eviction action. After appearing at the initial hearing, Frank[1] also filed an answer. After trial, on July 3, the court issued a judgment in the eviction action in Smart Investments' favor.

¶3         Frank appealed the judgment that same day. Frank also moved to vacate or modify the judgment, and Smart Investments filed its first application for a writ of restitution. After the court denied his motion to vacate or modify, Frank then requested the court to stay or quash the writ of restitution, which the court also denied. Finally, Frank sought a supersedeas bond to stay the writ. The court granted Frank's request but conditioned it on Frank's payment of the bond by the end of the next day. That same day, Frank filed a document with an international bill of exchange attached, attempting to post the bond. A few days later, Smart

---

[1] Frank also filed a quiet title action in Maricopa County Superior Court, which is still pending.

Investments filed its second application for a writ of restitution, which the court issued that same day.

## DISCUSSION

### I. Frank's Opening Brief Did Not Comply with Arizona Rule of Civil Appellate Procedure 13.

**¶4** This Court begins by addressing Smart Investments' argument that Frank has waived his arguments on appeal by failing to follow Arizona Rule of Civil Appellate Procedure 13 ("Rule 13"). Frank's opening brief does not include a statement of issues for this Court to review. Ariz. R. Civ. App. P. 13(a)(6). He also failed to provide any citation to the record for his factual assertions or arguments. Ariz. R. Civ. App. P. 13(a)(5), (7)(A). The only cases cited within his brief are memorandum decisions, which generally may only serve as persuasive authority rather than binding authority. Ariz. R. Civ. App. P. 13(a)(7) (requiring citations to legal authorities); Ariz. R. Sup. Ct. 111(c)(1) (limiting when memorandum decisions may be cited to three scenarios).

**¶5** Violations of Rule 13 can constitute waiver of a party's argument. *See Ramos v. Nichols*, 252 Ariz. 519, 522-23, ¶¶ 8–11 (App. 2022). Self-represented litigants are held to the same standards that attorneys must follow. *Id.* at 522, ¶ 8. However, this Court "prefers to decide each case upon its merits" instead of dismissing for procedural violations. *Adam v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984) (citing *Clemens v. Clark*, 101 Ariz. 413, 414 (1966)). Therefore, this Court exercises its discretion to address the merits of Frank's brief. *See Azore, LLC v. Bassett*, 236 Ariz. 424, 427, ¶ 7 (App. 2014) ("[W]aiver is a procedural concept that we do not rigidly employ in a mechanical fashion, and we may use our discretion in determining whether to address waived issues.").

### II. Arizona Rule of Civil Appellate Procedure 11 Does Not Require Frank to File a Transcript of the Superior Court Proceeding.

**¶6** Smart Investments next argues that this Court should dismiss Frank's appeal because he failed to file the superior court's transcripts with this Court on appeal, alleging that Frank violated Arizona Rule of Civil Appellate Procedure 11 ("Rule 11"). This Court "review[s] the interpretation of court rules *de novo*," beginning with the rule's text. *Kelly v. Blanchard in and for Cnty. of Maricopa*, 255 Ariz. 197, 200, ¶ 11 (App. 2023). Read in its entirety, Rule 11 does not *require* an appellant to order and file a transcript; it *allows* an appellant to do so. As Smart Investments points out, the rule incorporates "[t]ranscripts of oral proceedings in the superior

3

court," into the record but Smart Investments fails to recognize an important modifying phrase in the rule—"[t]ranscripts of oral proceedings in the superior court *that the parties ordered*, or other narratives prepared under this Rule, and that are not otherwise contained within the official record." Ariz. R. Civ. App. P. 11(a)(2) (emphasis added). This portion of the rule merely states what this Court can review as part of the record, and it is appropriate for the rule to limit this Court's review to those transcripts that the parties have ordered; nothing here mandates a transcript's inclusion. Though this language is clear on whether a transcript is required, Rule 11(b) provides support for this reading. Specifically, it states, how "[a] party that *wants* the record on appeal to include a transcript of an oral proceeding" must order the desired transcript. Ariz. R. Civ. App. P. 11(b) (emphasis added). The lack of a transcript does not justify dismissal of Frank's appeal.[2]

## III. Frank's Arguments Fail.

¶7 The superior court has discretion when deciding whether to grant a stay. *State v. Ott*, 167 Ariz. 420, 428 (1990) (stating that the trial court had discretion in whether to grant a stay in a civil proceeding parallel to a criminal proceeding). This Court will "view the evidence in a light most favorable to supporting the trial court's judgment" and will uphold the judgment unless no evidence supports it. *Premier Fin. Servs. v. Citibank (Ariz.)*, 185 Ariz. 80, 85 (App. 1995). This Court has attempted to discern Frank's arguments as best it can but considers only adequately supported arguments. *See In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013).

¶8 Frank contends that Smart Investments applied for its writ of restitution too late after the eviction judgment and did not justify its delay. When a plaintiff in an eviction, or forcible detainer, action receives a judgment in its favor, the court will issue a writ of restitution. A.R.S. § 12-1178(A). Once a defendant has been served with a writ of restitution, if he remains in, or returns to, the property he will commit criminal trespass. A.R.S. § 12-1178(D)–(E). Generally, a prevailing party has "45 days to apply for a writ of restitution," and if the party applies after that deadline, it must "explain the reasons for the delay." Ariz. R.P. Eviction Act. 14(b). Here, the court issued its judgment on July 3, 2023, and Smart Investments filed its initial application for a writ of restitution on July 14, well within the 45 days

---

[2] This is not to say that failure to provide this Court with transcripts has no consequences. If any transcript is missing from the record on appeal this Court must "presume that the record supports the trial court's decision." *Old Republic Nat'l Title Ins. Co. v. New Falls Corp.*, 224 Ariz. 526, 531, ¶ 23 n.4 (App. 2010).

allotted. Although the court did not issue the writ until Smart Investments' subsequent September 21 application, the delay resulted from Frank's post-trial motions, which allowed him to seek to vacate or modify the judgment, to stay the writ, and to request a supersedeas bond. The explanations for Smart Investments' delay were already before the court.

**¶9**     Frank also points to an apparent ambiguity about whether he has been a tenant. This complication arises in cases such as eviction actions, which involve tenancies at sufferance. These "tenancies" begin when someone had a legal right to possess property, lost that right, and yet unlawfully continued to possess the property. That period of unlawful continued possession is a tenancy at sufferance. *See Grady v. Barth ex rel. Cnty. of Maricopa*, 233 Ariz. 318, 321, ¶ 12 (App. 2013) ("Use of the word 'tenant' in this phrase is unfortunate as a tenancy at sufferance is not a true landlord-tenant relationship, but rather an interest in property. It exists when a party who had a lawful possessory interest in property wrongfully continues in possession of the property after its interest terminated."). Frank argues that this apparent contradictory use by Smart Investments "substantially erodes [its] credibility," but the law uses the term "tenant" in different ways, and so can Smart Investments. Even if the terminology used by Smart Investments eroded its credibility, as Frank claims, it is the trial court's role, not this Court's, to weigh evidence, including witness credibility. *Carey v. Soucy*, 245 Ariz. 547, 552, ¶ 19 (App. 2018).

**¶10**     To the extent Frank argues that he has posted the requested supersedeas bond with the international bill of exchange attached to a filed document, the superior court has discretion to determine whether his bond satisfied the requirements of the court order. *See Grady*, 233 Ariz. at 323, ¶ 23. In its order, the court specifically cautioned that "[i]t is [Frank's] responsibility to contact the Clerk's [O]ffice such that there are no issues in when, how, and where [Frank] makes the payments required hereunder." This Court finds no abuse of discretion in the superior court's determination that Frank failed to satisfactorily post the required bond.

**¶11**     Lastly, Frank's remaining arguments contend that he has superior title to Smart Investments. But "[t]he *only* issue to be decided in an [eviction] action is the right to possession." *Iverson v. Nava*, 248 Ariz. 443, 448, ¶ 11 (App. 2020). Other issues such as the validity of title must be decided in other civil actions, such as a quiet title action. *Curtis v. Morris*, 184 Ariz. 393, 398 (App. 1995). Frank argues that his unfamiliarity with these nuances justify leniency, but again, self-represented litigants are held to the same standards as attorneys. *Ramos*, 252 Ariz. at 522, ¶ 8.

¶12 The record before this Court indicates that at the time of the eviction action, Smart Investments had lawful title to the property and that Frank was afforded due process of law. Nothing in the record supports Frank's argument that he held superior title. Instead, the record supports Smart Investments' ability to sell the property. A.R.S. § 33-807(A) (conferring the power to sell property after a breach or default on the trustee of a deed of trust). Frank was afforded full due process; he was provided notice to vacate the premises after the sale, was given notice of the action, and appeared at the hearing and trial. *See In re Walker*, 200 Ariz. 155, 159, ¶ 16 (2001) (stating that what due process requires is notice and a fair opportunity to appear and present evidence). Smart Investments even waited a few days before filing the first writ of restitution, which provided Frank additional time to vacate the premises. Even if Frank claims further evidence would bolster his case, this court "must assume any evidence not available on appeal supported the trial court's action" *Bliss v. Treece*, 134 Ariz. 516, 519 (1983).

## CONCLUSION

¶13 For the reasons above, the superior court's judgment is affirmed. Smart Investments requests its attorneys' fees but fails to cite any authority authorizing the award; therefore, its request for fees is denied. Ariz. R. Civ. App. P. 21(a)(2) ("A claim for fees under this Rule must specifically state the statute, rule, decisional law, contract, or other authority for an award of attorneys' fees."); *accord Cavallo v. Phx. Health Plans, Inc.*, 254 Ariz. 99, 108, ¶ 38 (2022). Citing Arizona Rule of Civil Appellate Procedure 21 ("Rule 21") is insufficient. *Assyia v. State Farm Mut. Auto. Ins. Co.*, 229 Ariz. 216, 224, ¶ 34 (App. 2012) (denying a party's request for attorneys' fees because the party "cit[ed] only ARCAP 21, which does not provide a substantive basis for a fee award"). But as the prevailing party, its request for costs is granted upon compliance with Rule 21. *Ferneau v. Wilder*, 256 Ariz. 68, 76, ¶ 27 (App. 2023).



AMY M. WOOD • Clerk of the Court
FILED: AA