548 P.2d 1175

**E–Z LIVIN' MOBILE SALES, INC., an Arizona Corporation, Appellant,**

v.

**James C. VAN ZANEN and Janis D. Van Zanen, his wife, Appellees.**

**No. I CA–CIV 2955.**

Court of Appeals of Arizona,
Division 1.

April 29, 1976.

Brazlin & Tutnick, by Paul Tutnick, Phoenix, for appellant.

Raineri, Jason & Schatz, by Joseph C. Raineri, Jr., Scottsdale, for appellees.

## OPINION

HATHAWAY, Judge.

On December 19, 1969, appellant and appellees executed a written agreement covering real property in Scottsdale Mobile Estates, Scottsdale, Arizona. Thereafter, appellees moved on to the property and made payments pursuant to the agreement until the early part of April 1974. In May 1974, appellees failed to make the required payment and appellant mailed to them a notice to vacate the premises for non-payment of rent. Thereafter, appellant instituted a forcible entry and detainer action to recover possession of the real property, accrued rents, attorneys' fees and costs. From a judgment in appellees' favor, appellant appeals claiming the court erred in granting appellees' motion for dismissal at the close of appellant's presentment of evidence.

We think the evidence at trial showed the impropriety of instituting a forcible entry and detainer action. The applicable portions of the purported rental agreement state:

"1. For rental use of said property by TENANT for 30 days, commencing on the 1st day of January, 1970, to the 1st day of February, 1970, TENANT agrees to pay to the LANDLORD the sum of $550.00, payable as follows: $550.00 on the 19th day of December, 1969.

TENANT is further granted the privilege of renting said property from LANDLORD commencing on the 1st day of February, 1970, at the monthly rental of $79.50, for a period of 120 months from the 1st day of February 1970. Default of any one monthly rental payment shall grant the LANDLORD the full right to promptly and without notice to TENANT, to peaceful possession of property immediately, without any claim or right to any further use thereto by TENANT. . . . It being understood at all times that the said property is owned and the property of the LANDLORD subject to any outstanding contract or mortgage.

2. PROVIDED that TENANT shall have made all payments to the LANDLORD as contemplated hereunder and as agreed; and allowed no waste to be committed upon said property, other than usual normal wear and tear; then, and in that event, at the end of said period set forth herein for said use, TENANT shall have the option to purchase said property by payment to the LANDORD the sum of $10.00.

3. IT IS FURTHER AGREED between the parties, that in the event there are any sums or fees of any nature to become due on said property during the use by TENANT; such as license fees, taxes, assessments, etc., that TENANT shall promptly pay such amounts to LANDLORD upon demand by LANDLORD."

In determining whether the relationship of the parties was that of landlord-tenant or vendor-vendee, we believe the following from *Bolling v. Hawthorne Coal and Coke Company,* 197 Va. 554, 90 S.E.2d 159 (1955), to be applicable:

"The answer is not to be found in the name which the parties gave to the instruments, and not alone in any particular provision they contain, disconnected from all others; but in the ruling intention of the parties gathered from the language they used and the circumstances surrounding its use. We must look to the purpose of the instruments, their substance and not their form. Merely giving to them a particular name or form did not take away the nature and effect of the transaction. Where it is doubtful whether a paper constitutes an agreement of sale, a lease, or a lease with option to purchase, the pertinent and explanatory circumstances, correspondence, dealings and negotiations leading up to and surrounding the execution of the contract are properly admissible in evidence. *Arbuckle v. Gates & Brown,* 95 Va. 802, 805, 30 S.E. 496; *Turner & Happersett v. Hall & Connor,* 128 Va. 247, 254, 104 S.E. 861; *Murch v. Wright,* 46 Ill. 487; *Phelan v. Stockyards Bank,* 134 Okl. 13, 276 P. 175; *Crowell v. Brim,* 191 Ga. 288, 12 S.E.2d 585; *Heryford v. Davis,* 102 U.S. 235, 26 L.Ed. 160." 90 S.E.2d at 168.

The testimony shows that originally appellees desired to purchase a house trailer and lot from appellant. The sum of $550.00 was given by appellees to appellant as earnest money but appellant was unable to secure financing for appellees. The parties then entered into the agreement which appellant characterizes as a lease. The initial $550.00 for a thirty-day "lease" of the property was for the *preparation* expense in preparing the lot for use.

Viewing the terms of the document and the testimony adduced it is clear

that the "lease option" was in reality a contract for the sale of real estate. In arriving at this conclusion, we consider the following facts as indicative of a sale: (1) The parties originally agreed to a purchase of the lot, (2) the term of the "lease" is for ten years, (3) all taxes and assessments on the lot are to be paid by appellees, and (4) the option to purchase can only be exercised at the end of the ten-year period and then the total purchase price is $10.00, an amount that is not indicative of the value of the property. This "lease" is a clear attempt to subvert the public policy of the state against forfeitures as expressed in A.R.S. § 33–741. Cf., *405 Monroe Co. v. City of Asbury Park*, 40 N.J. 457, 193 A.2d 115 (1963).

We think the trial court was justified in finding that the case was not one of a landlord tenant relationship but rather a vendor-vendee relationship, and as such, forcible entry and detainer action will not lie. *Phoenix-Sunflower Industries, Inc. v. Hughes*, 105 Ariz. 334, 464 P.2d 617 (1970).

Rule 41(b), Arizona Rules of Civil Procedure proceeds in pertinent part:

> "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant . . . may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief."

The motion for an involuntary dismissal was, therefore, properly granted. We decline to consider appellant's complaint, first raised on appeal in the reply brief, that the trial court did not make findings.

Affirmed.

HOWARD, C. J. and KRUCKER, J., concurring.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).