550 P.2d 110

Daniel M. **ANDREOLA**, Sr., and Karen
Andreola, his wife, Appellants,

v.

The **ARIZONA BANK**, an Arizona
Corporation, Appellee.

No. I CA–CIV 2896.

Court of Appeals of Arizona,
Division 1,
Department B.

May 25, 1976.
Rehearing Denied July 1, 1976.

Berry & Herrick, P.A. by Richard S. Berry, Tempe, for appellants.

Ryley, Carlock & Ralston by Raymond M. Hunter, James E. Brophy, III, Phoenix, for appellee.

OPINION

SCHROEDER, Judge.

The issue in this case is whether the summary remedy of forcible detainer is appropriate to obtain possession of property after the occupant's interest has been terminated pursuant to the nonjudicial sale provisions of the Arizona Deed of Trust Act, A.R.S. § 33–801 et seq. This issue is one of first impression in Arizona.

In July of 1973, appellants, Mr. and Mrs. Andreola, purchased a house and lot in Tempe, Arizona. The purchase was financed by the appellee, the Arizona Bank. Mr. and Mrs. Andreola executed and delivered to the bank, through escrow, a promissory note in the amount of approximately $36,000, and a deed of trust to the property. The deed of trust was recorded.

Within a few months of the purchase, the Andreolas defaulted in making the required installment payments. The bank chose to institute nonjudicial forfeiture proceedings pursuant to A.R.S. § 33–807 to § 33–810.

As required by the Act, the bank recorded a notice of trustee's sale and sent both a notice of default and a copy of the notice of the sale by certified mail to Mr. and Mrs. Andreola. Copies of the notice were duly posted on the subject property and on the bulletin board of the Maricopa County Superior Court Building and the notice was published in a newspaper of general circulation. There is no contention that the Andreolas did not have actual knowledge of the nonjudicial forfeiture proceedings.

On May 8, 1974, after the expiration of the required 90 days, the trustee's sale was held, and the bank purchased the real property for approximately $38,000. The bank then recorded its fee simple absolute deed to the property, The Andreolas, however, remained in possession of the premises, and when they had failed to vacate the premises after receiving notice by certified mail to do so, the bank filed this action in forcible detainer.

The matter came before the trial court on cross motions for summary judgment. The Andreolas' only defense was, that as a matter of law, forcible detainer is not available to obtain possession after nonjudicial foreclosure on a deed of trust.

The trial court granted the bank's motion for summary judgment, determined that the Andreolas were liable to the bank for the fair rental value of the property after the bank's purchase, and granted a writ of restitution to the bank. The Andreolas now appeal from that judgment.

■ The Andreolas contend that even though they were in default under the deed of trust, and even though the bank has duly purchased the property at a nonjudicial sale, the bank is not entitled to bring a summary action in the nature of forcible detainer to oust them of possession. They argue that because forcible detainer is limited to the question of possession and appellants could not raise defenses going to the underlying validity of the deed of trust itself, the bank should have proceeded by means of a plenary ejectment proceeding. Appellants indicate that in such a plenary ejectment proceeding they would challenge the validity of the deed of trust on the ground that Mrs. Andreola in executing the document did not in fact appear before a notary public. The parties agree that such a defense cannot be raised in a forcible detainer action.[1]

■ Forcible detainer is a summary and speedy remedy for obtaining possession, and the only issue to be determined in the action is the right to actual possession. A.R.S. § 12–1177(A). *Olds Bros. Lumber Co. v. Rushing,* 64 Ariz. 199, 204, 167 P.2d 394, 397 (1946); counterclaims may not be presented, *Hinton v. Hotchkiss,* 65 Ariz. 110, 174 P.2d 749 (1946); the merits of title may not be litigated, although the fact of title may be proved as a matter incidental to showing right of possession by an owner, *Taylor v. Stanford,* 100 Ariz. 346, 414 P.2d 727 (1966). See generally P. Baird, *A Study of Arizona Lease Terminations,* 9 Ariz.L.Rev. 187, 199–202 (1967).

■ Forcible detainer is most commonly used when a lessee is in wrongful possession

---

I. Appellants' apparent ultimate goal is to invalidate the underlying document as a deed of trust and to convert it to an equitable mortgage, thereby giving the appellants the benefit of a period of redemption. Appellees argue that a defect in acknowledgment cannot affect the validity of the document. *Heller v. Levine,* 7 Ariz.App. 231, 437 P.2d 983 (1968). We do not reach the merits of that issue.

after the termination of a lease agreement. However, we cannot agree with appellants that, under our statutes, forcible detainer is limited to the formal lessor-lessee situation and unavailable where the defendant wrongfully holds over after termination of his interest under a deed of trust.

■ ■ A.R.S. § 12–1173 expressly provides that there is a forcible detainer when a tenant "at will or by sufference" refuses to surrender possession "for five days after demand in writing." One who remains in possession of property after termination of his interest under a deed of trust is a tenant at will or sufferance. This is in accord with the general definition of an estate at sufferance contained in the Restatement of the Law of Property § 22 at 53 (1936):

> "An estate at sufferance is an interest in land which exists when a person who had a possessory interest in land by virtue of an effective conveyance, wrongfully continues in the possession of the land after the termination of such interest, but without asserting a claim to a superior title."

It is not necessary that the conveyance be a lease.

> "To constitute a tenancy by sufferance there need not have been any prior contract of letting; all that is necessary is that the tenant should have entered into possession of the premises lawfully and shall continue to hold after the termination of his right . . . ." 3 Thompson on Real Property § 1023 at 57 (1959 Replacement).

The Arizona Supreme Court has approved an action for forcible detainer to oust a tenant at sufferance after a mortgage foreclosure. *Olds Bros. Lumber Co. v. Rushing, supra.*

Appellants, however, rely upon *Phoenix-Sunflower Industries, Inc. v. Hughes,* 105 Ariz. 334, 464 P.2d 617 (1970), which held that a forcible detainer action could not oust a defaulting purchaser under the terms of a complex lease and purchase option agreement, cf. *E-Z Livin' Mobile Sales,*

*Inc. v. Van Zanen,* 26 Ariz.App. 363, 548 P.2d 1175 (1976). In *Phoenix-Sunflower,* the question of plaintiffs' title to the property and attendant right to possession depended upon whether there had been a breach of the lease purchase agreement. Resolution of that question would have necessitated full scale litigation of factual as well as contract issues. The court, therefore, held that forcible detainer was not appropriate in such circumstances, stating that "a forcible detainer action does not arise out of a vendor-vendee relationship."

We disagree with appellants' contention that the holding in *Phoenix-Sunflower,* which involved a lease-purchase agreement, should be expanded to apply to foreclosures under deeds of trust. The court in *Phoenix-Sunflower* was concerned with avoiding factual contractual disputes. Such disputes are not present under the statutorily mandated procedure leading to a foreclosure of a deed of trust. While the trustor in the forcible detainer action may be able to litigate the issue of compliance with the statutory foreclosure proceeding, this issue in our opinion does not differ from the right of a tenant in any detainer action to raise the issue of compliance with the lease, and does not destroy the summary nature of the proceedings. Moreover, *Phoenix-Sunflower's* holding could not have encompassed deeds of trust since our Deed of Trust Act was passed after *Phoenix-Sunflower* was decided.

It is true that the bank in this case has obtained possession of this property without ever having filed a plenary judicial action in which all possible defenses, claims and counterclaims could be litigated. However, appellants do not contend that they have been denied due process of law. Indeed, California has rejected a constitutional challenge to the use of forcible detainer in deed of trust foreclosures. *MCA, Inc. v. Universal Diversified Enterprises Corp.,* 27 Cal.App.3d 170, 103 Cal.Rptr. 522 (1972). The California court also there held that the defendant in a forcible detainer action may properly challenge com-

pliance with the statutory foreclosure provisions. The bank's compliance in this case is not disputed. Appellants' acknowledge that they may still bring their own against the bank to litigate any matters precluded in the forcible detainer action.

█ A major purpose of the Deed of Trust Act was to provide relatively inexpensive and speedy foreclosure proceedings. See G. Lawyer, *The Deed of Trust: Arizona's Alternative to the Real Property Mortgage,* 15 Ariz.L.Rev. 194 (1973). Utilization of forcible detainer in this case is fully consistent both with the purposes of the Deed of Trust Act and with the provision of our forcible detainer statute A.R.S. § 12–1173, expressly permitting the use of that summary remedy against persons who occupy the premises solely at the will or sufferance of the owner.

Affirmed.

JACOBSON, P. J., and WREN, J., concurring.