NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PROCACCIANTI AZ II LP, *Plaintiff/Appellee*,

*v.*

DIANA R. SHAFFER, *Defendant/Appellant*.

No. 1 CA-CV 17-0205
FILED 6-21-2018

Appeal from the Superior Court in Maricopa County
No. CV2016-012290
The Honorable Michael L. Barth, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Porter Law Firm, Phoenix
By Robert S. Porter
*Counsel for Defendant/Appellant*

Spencer Fane, LLP, Phoenix
By Andrew M. Federhar, Jessica A. Gale
*Counsel for Plaintiff/Appellee*

## MEMORANDUM DECISION

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Jon W. Thompson and Judge James P. Beene joined.

S W A N N, Judge:

¶1        This is an appeal from a forcible-detainer judgment based on the appellant's failure to pay rent under a ground sublease covering the parcel underlying her separately-purchased residence.  We reject the appellant's contention that the superior court lacked jurisdiction to act under the forcible entry and detainer statutes.  The ground sublease was governed by Chapter 3 of Title 33 of the Arizona Revised Statutes, and that Chapter specifically authorizes forcible entry and detainer proceedings. We affirm.[1]

## FACTS AND PROCEDURAL HISTORY

¶2        In 1970, landowners and the predecessor-in-interest to Procaccianti AZ II LLP[2] entered a ninety-nine-year ground lease for twenty acres of land in Scottsdale.  Procaccianti thereafter recorded a declaration of horizontal property regime to establish condominiums on eight of the twenty acres; the eight acres was then divided into twenty-nine parcels and a single-family residence constructed on each parcel.  In 1973, Diana R. Shaffer's predecessor-in-interest subleased one of the parcels for a ninety-six-year term and, by separate contract, purchased the residence thereon. Shaffer assumed the ground sublease and obtained ownership of the residence, subject to a deed of trust in favor of a lender, in 2005.

¶3        In June 2016, Procaccianti obtained a judgment against Shaffer for rent and interest unpaid through January 2016.  Later that month, Procaccianti sent Shaffer a notice of default and demanded that she

[1]     We deny the appellee's motion to strike the appellant's "Amended and Restated Rule 17 Supplemental Citation of Legal Authority."  We conclude, however, that the appellant's filing provides no supplemental legal authority within the meaning of ARCAP 17.

[2]     For convenience, we hereinafter refer to any predecessor-in-interest of Procaccianti as "Procaccianti."

cure her ongoing failure to pay rent. When Shaffer failed to respond, Procaccianti, in August 2016, filed a verified complaint for forcible detainer under A.R.S. §§ 33-361 and 12-1171 to -1183.

**¶4** The forcible detainer action did not proceed in accordance with the normal accelerated timeline for such actions. The parties ultimately waived trial and submitted the matter to the court on competing motions for summary judgment. The parties agreed that the sole issue was whether the court had jurisdiction to act under the forcible entry and detainer statutes.

**¶5** In January 2017, the court ruled that Procaccianti was entitled to summary judgment. The court held that because Shaffer's ground sublease and residence-purchase contract were separate agreements, not "a hybrid real estate contract," the breach of the sublease "falls within the scope of the applicable forcible detainer statute."

**¶6** After the court's ruling, Shaffer relinquished possession of the parcel. The court then entered an appealable judgment awarding possession of "the leased premises" to Procaccianti, ordering Shaffer to pay rent unpaid from February 2016 to January 2017, and awarding Procaccianti nearly $25,000 in attorney's fees. Shaffer appeals.

## DISCUSSION

I. SHAFFER'S APPEAL IS NOT MOOT.

**¶7** As an initial matter, we reject Procaccianti's contention that Shaffer's appeal is moot because she relinquished the parcel.[3] "A decision becomes moot for the purpose of appeal where a change in circumstances prior to the appellate decision renders the case without practical purpose for the parties." *Ariz. State Bd. of Dirs. for Junior Colls. v. Phx. Union High Sch. Dist. of Maricopa Cty.*, 102 Ariz. 69, 73 (1967). A practical appellate purpose remains when a tenant's abandonment of the premises was solely because of the landlord's action and the tenant wishes to be restored to possession. *Thompson v. Harris*, 9 Ariz. App. 341, 344 (1969). Here, it is apparent that Shaffer's relinquishment of the parcel was the direct result of

---

[3] Shaffer did not post a bond as set forth in A.R.S. § 33-361(C). But as we held by separate order earlier in this appeal, Shaffer was not required to post a bond because she did not remain in possession of the parcel. *See Lane v. Hognason*, 12 Ariz. App. 330, 333 (1970).

Procaccianti's action. Further, she asserts that she intends to resume possession if successful on appeal. Her appeal therefore is not moot.

II. THE SUPERIOR COURT HAD JURISDICTION TO ACT UNDER THE FORCIBLE ENTRY AND DETAINER STATUTES.

¶8 Like the superior court, the only issue we are asked to decide is whether the court had jurisdiction to grant relief under the forcible entry and detainer statutes. We review questions of subject matter jurisdiction and statutory interpretation de novo. *Thomas v. Thomas*, 203 Ariz. 34, 35–36 (App. 2002).

¶9 We begin with A.R.S. § 33-381, which provides that "[t]his chapter [Chapter 3 of Title 33 of the Arizona Revised Statutes] shall apply to *all* landlord-tenant relationships except for landlord-tenant relationships arising out of the rental of dwelling units which shall be governed by chapter 10 or 11 of this title." (Emphasis added.) Under Chapter 33, "[w]hen a tenant neglects or refuses to pay rent when due and in arrears for five days, . . . the landlord . . . may reenter and take possession or, without formal demand or reentry, commence an action for recovery of possession of the premises." A.R.S. § 33-361(A). "The action shall be commenced, conducted and governed as provided for actions for forcible entry or detainer" under A.R.S. §§ 12-1171 to -1183. A.R.S. § 33-361(B). All of the foregoing provisions existed at the time Shaffer assumed her property interests.

¶10 The foregoing statutory directives are plain and unambiguous. Disputes regarding the existence of a landlord-tenant relationship may not be decided in a forcible detainer action. *United Effort Plan Tr. v. Holm*, 209 Ariz. 347, 350–51, ¶ 21 (App. 2004). It is undisputed that the sublease established such a relationship, under which Shaffer failed to pay rent for more than five days. Shaffer contends, however, that the sublease did not establish *only* a landlord-tenant relationship. We disagree.

¶11 First, the sublease did not, as Shaffer claims, create a "leasehold condominium" in the land. "'Condominium' means real estate, portions of which are designated for separate ownership and the remainder of which is designated for common ownership solely by the owners of the separate portions," and "'[l]easehold condominium' means a condominium in which all or a portion of the real estate is subject to a lease the expiration or termination of which will terminate the condominium or reduce its size." A.R.S. § 33-1202(10), (16). Here, the condominium arrangement did not extend to the land. Shaffer's sublease of the parcel was a separate contract,

specific to her — no condominium association was a party, and the sublease is limited to the single parcel underlying her residence. The sublease provides that its termination will result in the tenant's surrender of the parcel and the improvements thereon. It does not specify an effect on the condominium arrangement.

¶12 Second, the sublease did not give Shaffer property interests beyond those of a tenant. To be sure, a "lease" that creates ownership interests may be exempt from summary dispossession procedures. *See, e.g., E-Z Livin' Mobile Sales, Inc. v. Van Zanen*, 26 Ariz. App. 363, 364–65 (1976) (holding that forcible entry and detainer action did not lie for so-called "lease option" where parties originally agreed to a sale, lease term was for ten years, tenant was to pay all taxes and assessments on lot, and purchase option at end of lease term was for nominal sum); *see also Queen Emma Found. v. Tingco*, 845 P.2d 1186, 1189–91 (Haw. 1992) (recognizing that under Hawaii's unique and extensive ground-lease scheme, summary dispossession procedures do not apply where long-term residential ground leases grant leasehold title to property by, for example, permitting lessees to mortgage and sell their leasehold estates). But here, the only property interest established by the sublease was the right to possess the parcel. Though the sublease cross-referenced the residence-purchase contract and the condominium-association bylaws (even making breach thereof a default under the sublease), and placed the obligation to pay taxes on the tenant, those provisions did not grant an ownership interest. Indeed, the sublease strictly limited the tenant's ability to sublet or otherwise transfer the subleasehold interest, and the sublease provided for the tenant's surrender of all rights to the parcel and improvements thereon upon termination of the sublease. We conclude that the sublease created nothing more than a landlord-tenant relationship falling squarely within the ambit of A.R.S. §§ 33-381 and -361 and, consequentially, §§ 12-1171 to -1183.

¶13 Shaffer relies on *Kadera v. Superior Court (Consol. Coop. of Scottsdale East, Inc.)*, 187 Ariz. 557 (App. 1996), to argue otherwise. *Kadera* is inapposite. *Kadera* held that residents of cooperatives are not subject to summary dispossession procedures because cooperatives are specifically excluded from Chapter 10 of Title 33 (the Arizona Residential Landlord and Tenant Act) and the forcible detainer statutes are not separately applicable because Chapter 10's special detainer statute incorporates them. 187 Ariz. at 563. Here, by contrast, nothing excludes the property interest at issue from the scope of Chapter 3 and the forcible entry and detainer statutes incorporated therein.

¶**14**      We recognize that the application of forcible entry and detainer proceedings to ground-lease situations may produce harsh results, because dispossession of the leased land will likely substantially interfere with any right of the tenant to improvements constructed on the leased land.    But that is what our statutory scheme commands, and such consequences are not unknown in our national jurisprudence. *See State v. Braverman*, 137 A.3d 377, 381–83 (Md. App. 2016) (describing continuation of longstanding rule of Maryland law that ground-lease tenant's default entitled landlord to eject the tenant and take possession of the land — and any improvements, with lessee losing any accrued equity).   We do not purport to decide who holds title to either the parcel or the residence thereon. *See United Effort Plan Tr.*, 209 Ariz. at 350–51, ¶ 21 (holding that merits of title cannot be litigated in forcible detainer action).   Nor does our decision today have any bearing on any other dispute between the parties, including the pending appeal from the 2016 judgment.

## CONCLUSION

¶**15**      We affirm for the reasons set forth above.   We award Procaccianti reasonable attorney's fees and costs, upon compliance with ARCAP 21.   *See* A.R.S. §§ 33-361(B), 12-1178, 12-341, 12-341.01; Ariz. R.P. Evic. Act. 13(f).



AMY M. WOOD • Clerk of the Court
FILED:  AA