NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DESERT FINANCIAL FEDERAL CREDIT UNION, *Plaintiff/Appellee*,

*v.*

MICHAEL C. DOSS, *Defendant/Appellant*.

No. 1 CA-CV 18-0442
FILED 4-2-2019

Appeal from the Superior Court in Maricopa County
No. CV2018-007330
The Honorable David W. Garbarino, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Desert Schools Federal Credit Union, Phoenix
By Sara K. Regan, Kendall K. Wilson
*Counsel for Plaintiff/Appellee*

Michael C. Doss, Scottsdale
*Defendant/Appellant*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

**C R U Z**, Judge:

¶1        Michael Doss appeals from the judgment entered in favor of Desert Financial Federal Credit Union ("Desert Financial") in a forcible entry and detainer ("FED") action.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In 2018, Desert Financial filed an FED action alleging that Doss was occupying property Desert Financial had recently purchased in a trustee's sale, and was refusing to surrender possession of this property.  Desert Financial attached a copy of the trustee's deed to the complaint.

¶3        Representing himself, Doss filed an answer, denying Desert Financial owned the property, alleging affirmative defenses of lack of capacity and unjust enrichment, and asking the court to dismiss the complaint.  The facts surrounding the defenses were not pled with any specificity.

¶4        The superior court granted Desert Financial's motion for judgment on the pleadings.  Doss timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-2101(A)(1) and -1182(A).

## DISCUSSION

I.      Desert Financial is the Real Party in Interest

¶5        Doss argues that Desert Financial lacked standing.  "Whether a party has standing to sue is a question of law we review *de novo*."  *Robert Schalkenbach Found. v. Lincoln Found., Inc.*, 208 Ariz. 176, 180, ¶ 15 (App. 2004).  In Arizona, standing generally requires an injury in fact, economic or otherwise, caused by the complained-of conduct, and resulting in a distinct and palpable injury giving the plaintiff a personal stake in the controversy's outcome.  *Aegis of Ariz., L.L.C. v. Town of Marana*, 206 Ariz. 557, 562-63, ¶ 18 (App. 2003).  Because Desert Financial purchased property that Doss occupied and refused to vacate, Desert Financial had a personal stake, and thus standing to sue, in this FED action.

¶6        Doss relies on *Merrifield v. Merrifield*, 95 Ariz. 152, 154 (1963), to support his argument that Desert Financial is not the title holder and therefore is not the real party in interest.  However, *Merrifield* held that it is improper for the court to inquire into the merits of title in an FED action.

*Id.* Doss' reliance on *Merrifield* is misplaced. Accordingly, the superior court did not err.

II.   Title Issues are Outside the Scope of a Forcible Entry and Detainer Action

¶7   Doss argues the superior court erred by entering judgment on the pleadings without addressing his contention that Desert Financial was unjustly enriched by the trustee's sale and the trustee's sale was improper. A plaintiff is entitled to judgment on the pleadings if the complaint sets forth a claim for relief and the answer does not contain a legally cognizable defense or does not effectively deny material allegations. *Pac. Fire Rating Bureau v. Ins. Co. of N. Am.*, 83 Ariz. 369, 376 (1958); *Walker v. Estavillo*, 73 Ariz. 211, 215 (1952). In reviewing a "judgment on the pleadings, we treat the allegations of the complaint as true," but review issues of law *de novo*. *Giles v. Hill Lewis Marce*, 195 Ariz. 358, 359, ¶ 2 (App. 1999).

¶8   The purpose of an FED action is to provide rightful landowners a summary, speedy and adequate means by which to obtain possession. *Andreola v. Ariz. Bank*, 26 Ariz. App. 556, 557 (1976). Accordingly, the validity of the plaintiff's claim to title may not be tried in an FED action; the only issue to be determined is the right of possession. A.R.S. § 12-1177(A) ("On the trial of an action of forcible entry or forcible detainer, the only issue shall be the right of actual possession and the merits of title shall not be inquired into.").

¶9   In *Curtis v. Morris*, 186 Ariz. 534 (1996), our supreme court held § 12-1177(A) applies to an FED action brought by a party that purchased a home at a trustee's sale. In such a circumstance, the court held, "the prohibition against inquiring into the merits of title under § 12-1177(A) in a forcible detainer action is alive and well." *Id.* at 534. In reaching that conclusion, the court explained that "convert[ing] a forcible detainer action into a quiet title action [would] defeat its purpose as a summary remedy." *Id.* at 535.

¶10   Further, in *Andreola*, a party that purchased a home at a trustee's sale filed an FED action against the borrowers-trustors who had refused to vacate the home after the sale. 26 Ariz. App. at 557. The borrowers argued the summary nature of an FED action was inappropriate because it did not allow them to "raise defenses going to the underlying validity of the deed of trust itself." *Id.* This court approved the use of an FED action in such a circumstance, noting that the borrowers could raise any challenge to title by filing a separate action. *Id.* at 559; *see also United*

*Effort Plan Tr. v. Holm*, 209 Ariz. 347, 350-51, ¶¶ 17, 24 (App. 2004) (stating unjust enrichment defense is outside the scope of forcible detainer action).

**¶11**　　　Doss presented no evidence showing Desert Financial lacked a right to actual possession. A defendant in a forcible detainer action cannot avoid the proceedings merely by denying that the plaintiff has a valid title. *RREEF Mgmt. Co. v. Camex Prods., Inc.*, 190 Ariz. 75, 79 (1997).

**¶12**　　　Moreover, even assuming Doss' argument was proper in an FED action, Doss' argument fails to account for other statutory restrictions on challenges to a trustee's sale. The "deed of trust scheme is a creature of statutes," *In re Krohn*, 203 Ariz. 205, 208, ¶ 9 (2002), and a trustor's rights and any related claims against the trustee are controlled by those statutes. *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 300-01, ¶ 9 (2012). By statute, any challenge to the trustee's sale must be pursued before the sale has been completed. *See* A.R.S. § 33-811(C) (stating that the trustor "waive[s] all defenses and objections to the sale" unless raised in a successful request for a presale injunction). Although such wavier applies only to those to whom notice of the sale was mailed, *see* A.R.S. § 33-811(C), the trustee's deed raised a presumption that the sale comported with statutory requirements, *see* A.R.S. § 33-811(B), and Doss did not contend that he lacked notice of the trustee's sale.

**¶13**　　　By failing to dispute the sale before it occurred, Doss waived any defenses or objections. *See* A.R.S. § 33-811(C). Accordingly, even if Doss could properly raise such a contention in this FED action, he has offered no cognizable basis for invaliding the trustee's sale.

## CONCLUSION

**¶14**　　　For the foregoing reasons, we affirm the superior court's judgment.



AMY M. WOOD • Clerk of the Court
FILED: AA