NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

WELLS FARGO BANK, National Association, as Trustee for Structured
Asset Mortgage Investments II Inc., Green Point Mortgage Funding Trust
2005-AR4, *Plaintiff/Appellee*,

*v.*

THOMAS O. PARK, *Defendant/Appellant*.

No. 1 CA-CV 18-0613
FILED 11-5-2019

---

Appeal from the Superior Court in Yuma County
No. S1400CV201700563
The Honorable John P. Plante, Judge

**AFFIRMED**

---

COUNSEL

Bryan Cave Leighton Paisner LLP, Phoenix
By Jacob A. Maskovich, Daniel P. Crane
*Counsel for Plaintiff/Appellee*

Thomas O. Park, Yuma
*Defendant/Appellant*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

---

**W I N T H R O P**, Judge:

¶1  Thomas O. Park appeals from the judgment entered in favor of Wells Fargo Bank, N.A. ("Wells Fargo") in a forcible entry and detainer ("FED") action.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2  In June 2005, Thomas Park's wife, Christine Park, obtained a loan secured by a deed of trust on residential real property in Yuma County.  In June 2017, Wells Fargo purchased the property at a trustee's sale and received a trustee's deed.

¶3  On July 10, 2017, the Parks received a notice of demand for possession pursuant to Arizona Revised Statutes ("A.R.S.") section 12-1173.01(A).  The Parks did not vacate by the notice's July 17, 2017 deadline, and Wells Fargo filed an FED complaint on July 26, 2017.

¶4  Park twice removed the case to the United States District Court in Arizona; the case was remanded to the superior court in each instance.  *See Wells Fargo Bank Nat'l Ass'n v. Park*, No. CV-17-04604-PHX-DLR, 2018 WL 1034925 (D. Ariz. Feb. 23, 2018); *Wells Fargo Bank Nat'l Ass'n v. Park*, No. CV-18-02360-PHX-SPL (D. Ariz. Aug. 27, 2018).  The superior court granted Wells Fargo's motion for judgment on the pleadings, and on December 20, 2018, the court found the Parks guilty of forcible detainer and that Wells Fargo was entitled to possession of the property.

¶5  Park timely appealed.  We have jurisdiction pursuant to A.R.S. §§ 12-2101(A)(1) and –1182(A).

### ANALYSIS

¶6  Park and Wells Fargo have engaged in significant collateral litigation regarding this real property, all of which has previously been resolved in Wells Fargo's favor.  *See Park v. Wells Fargo Bank NA*, No. CV-18-03039-PHX-SMB, 2019 WL 2212149, at *1 (D. Ariz. Jan. 11, 2019)

(summarizing litigation between the parties in federal court). This case is an appeal from the December 20, 2018 superior court judgment on the pleadings, and we limit our review accordingly. In reviewing a judgment on the pleadings, "[w]e accept the allegations of the complaint as true" but we review the court's legal determinations *de novo*. *Muscat by Berman v. Creative Innervisions LLC*, 244 Ariz. 194, 197, ¶ 7 (App. 2017).

¶7  In his opening brief, Park identifies ten issues, most of which have nothing to do with the right to possession of the premises. The applicable law is quite clear. An FED action offers rightful landowners "a summary and speedy remedy for obtaining possession." *Andreola v. Ariz. Bank*, 26 Ariz. App. 556, 557 (1976). The action is limited to "the right of actual possession" under A.R.S. § 12-1177(A), and validity of title— including chain of title—cannot be raised or resolved in an FED action. *Curtis v. Morris*, 184 Ariz. 393, 395 (App. 1995); *see* A.R.S. § 33-811(B) ("The trustee's deed shall raise the presumption of compliance with the requirements of the deed of trust . . . ."). In short, issues concerning title must instead be brought in a quiet title action.[1] Accordingly, we do not address Park's arguments that contemplate issues outside the scope of the FED action on appeal. *See Curtis*, 184 Ariz. at 398 ("Because an FED action does not bar subsequent proceedings [to determine other issues], those issues are better resolved in proceedings [other than FED actions].").

¶8  A "tenancy at sufferance" exists when a person wrongfully continues to possess real property after the person's possessory interest in the property has been terminated. *Grady v. Barth*, 233 Ariz. 318, 321, ¶ 12 (App. 2013). Despite the "unfortunate" phrasing, a tenancy at sufferance is not a "true landlord-tenant relationship" and does not enjoy protections under the Arizona Residential Landlord and Tenant Act. *Id.*; *see* A.R.S. § 33-1310(17) (defining "tenant" as a person with "a rental agreement"). A property owner may bring a forcible detainer action against a tenant at sufferance who retains possession of the property after the property has been sold at a trustee's sale. A.R.S. §§ 12-1173.01(A)(2), -1173(1). The Parks were tenants at sufferance after Wells Fargo received the trustee's deed and formally demanded possession of the property, which makes the Parks' continued possession of the property subject to the FED remedy.

¶9  Park alleges the FED complaint was not verified because the complaint was signed only by an attorney. The Arizona Rules of Procedure

---

[1] Park's quiet title complaint was dismissed with prejudice by the federal district court. *Park*, 2019 WL 2212149, at *4-5, *rehearing denied*, No. CV-18-03039-PHX-SMB, 2019 WL 2210806 (D. Ariz. May 22, 2019).

for Eviction Actions ("RPEA") apply to FED actions, and those rules do not require that an FED complaint be verified. *See* RPEA 5(b). Section 12-1175(A) does require that the FED complaint be in writing and "under oath" in order to trigger the court clerk's obligation to issue a summons "no later than the next judicial day." Here, the FED complaint was, in fact, verified under oath by counsel. Park provides no authority to support his argument that such verification was improper or insufficient, or why counsel's verification would require reversal in this case. Accordingly, the issue is waived. *See State v. Carver*, 160 Ariz. 167, 175 (1989) ("[O]pening briefs must present significant arguments, supported by authority, setting forth an appellant's position on the issues raised.").

**¶10**         Park also argues that "summary judgment should have been impossible" because the Parks "demanded a 'trial by jury' from the beginning" and raised equitable defenses and counterclaims. An FED action "shall be set for a trial by a judge alone" unless the defendant demands a jury trial at or before the initial appearance. RPEA 11(d). Even if a defendant demands a jury trial, "the matter shall proceed to a trial by the judge alone" if no factual issues exist. *Id.* A defendant who is a tenant at sufferance may not raise counterclaims in an FED action. *See United Effort Plan Trust v. Holm*, 209 Ariz. 347, 351, ¶ 21 & n.3 (App. 2004). Here, the record reflects that although the Parks demanded a jury trial in a pretrial motion, Park does not identify any relevant factual issues—those within the statutory scope of an FED action—that would preclude the court from entering judgment on the pleadings.

## CONCLUSION

**¶11**         For the foregoing reasons, we affirm the superior court's judgment finding Park guilty of forcible detainer and finding Wells Fargo entitled to immediate possession of the property.

