IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

SECURE VENTURES, LLC, an Arizona limited liability company,
*Petitioner*,

*v.*

THE HONORABLE DOUGLAS GERLACH, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA,
*Respondent Judge*,

CARL JOHNSON and JUNE JOHNSON, husband and wife,
*Real Party in Interest*.

No. 1 CA-SA 19-0293

FILED 5-5-2020

---

Petition for Special Action from the Superior Court in Maricopa County
No. LC2019-000179
The Honorable Douglas Gerlach, Judge

---

McDowell Mountain Justice Court
No. CC2019-04779EA

**JURISDICTION ACCEPTED; RELIEF DENIED**

---

APPEARANCES

Evans, Dove, Nelson, Fish & Grier P.L.C., Mesa
By Douglas N. Nelson and Trevor J. Fish
*Counsel for Petitioner*

Carl Johnson, Scottsdale
*Real Party in Interest*

June P. Johnson, Scottsdale
*Real Party in Interest*

---

**OPINION**

Judge D. Steven Williams delivered the opinion of the Court, in which Presiding Judge Michael J. Brown and Judge Kenton D. Jones joined.

---

**W I L L I A M S**, Judge:

¶1 In this special action we address whether, under A.R.S. § 12-1173.01, the justice court lacks jurisdiction to hear a forcible detainer action filed to evict the occupants of property purchased at a trustee's sale. For the following reasons, we accept jurisdiction and deny relief.

**FACTUAL AND PROCEDURAL HISTORY**

¶2 Secure Ventures, LLC ("Petitioner") purchased a home at a trustee's sale in February 2019. Petitioner served Carl and June Johnson ("the Johnsons") with a notice to vacate ten days later. After the Johnsons failed to comply, Petitioner filed a forcible detainer action in the McDowell Mountain Justice Court. The justice court issued an eviction judgment in Petitioner's favor, which was affirmed on appeal to the superior court. The Johnsons filed an appeal in this court, but it was dismissed for lack of appellate jurisdiction. The Arizona Supreme Court initially denied the Johnsons' request for expedited consideration of their petition for review. Upon reconsideration, the supreme court granted a stay of enforcement of the eviction judgment and remanded to the superior court to consider the justice court's jurisdiction under § 12-1173.01.

¶3 On remand, the superior court held the justice court lacked jurisdiction to hear a forcible detainer action brought by an owner that acquired title to property in a trustee's sale. The superior court therefore vacated the justice court's judgment. Petitioner then filed this special action.

**JURISDICTION**

¶4 Special action jurisdiction is discretionary, and is proper when petitioner has no "equally plain, speedy, and adequate remedy by

appeal." Ariz. R.P. Spec. Act. 1(a). Special action jurisdiction is particularly appropriate in cases "rais[ing] questions of law that are of statewide importance, apparently of first impression, and likely to recur." *O'Brien v. Escher*, 204 Ariz. 459, 460, ¶ 3 (App. 2003). We accept jurisdiction because appellate relief was exhausted when the matter, which originated in the justice court, was appealed to the superior court, *see* A.R.S. § 22-375; *see also Sanders v. Moore*, 117 Ariz. 527, 528 (App. 1977), and because this case presents a legal issue of first impression that has statewide importance.

## DISCUSSION

¶5      Whether § 12-1173.01 limits the jurisdiction of Arizona's justice courts is a matter of statutory interpretation, which we review *de novo. State v. Kearney ex rel. Pima Cty.*, 206 Ariz. 547, 549, ¶ 5 (App. 2003). When interpreting a statute, our primary goal is to find and give effect to legislative intent. *Ariz. Chapter of the Associated Gen. Contractors of Am. v. City of Phoenix*, 247 Ariz. 45, 47, ¶ 7 (2019). We look first to the statute's plain language as the best indicator of legislative intent. *Glazer v. State*, 244 Ariz. 612, 614, ¶ 9 (2018). We give the statute's words their ordinary meaning, *Mail Boxes, etc., U.S.A. v. Indus. Comm'n*, 181 Ariz. 119, 121 (1995), interpreting different sections of a single statute consistently, *Wyatt v. Wehmueller*, 167 Ariz. 281, 284 (1991). "A cardinal principle of statutory interpretation is to give meaning, if possible, to every word and provision so that no word or provision is rendered superfluous." *Nicaise v. Sundaram*, 245 Ariz. 566, 568, ¶ 11 (2019). We do not resort to secondary statutory interpretation principles when the plain language is unambiguous. *Glazer*, 244 Ariz. at 614, ¶ 9.

¶6      Arizona Revised Statutes § 12-1173 provides in relevant part:

12-1173. Definition of forcible detainer; substitution of parties

There is a forcible detainer if:

1. A tenant at will or by sufferance or a tenant from month to month or a lesser period whose tenancy has been terminated retains possession after his tenancy has been terminated or after he receives written demand of possession by the landlord.

. . . .

¶7      Section 12-1173.01, added by the legislature in 1984, provides:

12-1173.01. Additional definition of forcible detainer[1]

A. In addition to other persons enumerated in this article, a person in any of the following cases who retains possession of any land, tenements or other real property after he receives written demand of possession may be removed through an action for forcible detainer filed with the clerk of the superior court in accordance with this article:

1. If the property has been sold through the foreclosure of a mortgage, deed of trust or contract for conveyance of real property pursuant to title 33, chapter 6, article 2.

2. If the property has been sold through a trustee's sale under a deed of trust pursuant to title 33, chapter 6.1.

3. If the property has been forfeited through a contract for conveyance of real property pursuant to title 33, chapter 6, article 3.

4. If the property has been sold by virtue of an execution and the title has been duly transferred.

5. If the property has been sold by the owner and the title has been duly transferred.

B. The remedies provided by this section do not affect the rights of persons in possession under a lease or other possessory right which is superior to the interest sold, forfeited or executed upon.

C. The remedies provided by this section are in addition to and do not preclude any other remedy granted by law.

¶8 Arizona Revised Statutes § 22-201(C) gives justice courts concurrent jurisdiction in most forcible detainer actions. The legislature, however, has the power to limit the justice court's jurisdiction in forcible detainer actions. *See State ex rel. Neely v. Brown*, 177 Ariz. 6, 8 (1993); *see also*

---

[1] Petitioner argues the statute's title, "Additional definition of forcible detainer," shows the legislature intended to add to, rather than supplant, § 12-1173. Section headings are not part of the law itself, A.R.S. § 1-212, but may be used to help interpret an ambiguous provision, *State v. Barnett*, 142 Ariz. 592, 597 (1984).

Ariz. Const. art. 6 §§ 14(5), 14(11). Before § 12-1173.01 was enacted, the superior and justice courts had concurrent jurisdiction of forcible detainer actions pursuant to § 12-1173. This included those brought after trustee's sales. *See Andreola v. Ariz. Bank*, 26 Ariz. App. 556, 558 (1976). We therefore must decide whether the legislature intended to divest the justice court of jurisdiction in post–trustee's sale forcible detainer actions by enacting § 12-1173.01.

**¶9** The plain language of § 12-1173.01, read consistently with § 12-1173 and giving effect to the ordinary meaning of the statute's words, shows the legislature intended that § 12-1173.01 requires post–trustee's sale forcible detainer actions be filed only in the superior court. By adding § 12-1173.01, the legislature expressly addressed post-conveyance forcible detainers—including forcible detainers brought after trustee's sales—separately from those forcible detainers set forth in the already-existing § 12-1173. And although post–trustee's sale evictions technically are forcible detainers under § 12-1173, *see Andreola*, 26 Ariz. App. at 558,[2] the only interpretation of § 12-1173.01 that gives meaning to all its words and provisions is that the legislature intended in § 12-1173.01 to (1) make plain that post–trustee's sale eviction actions qualify as forcible detainers without resorting to inferential analysis, and (2) prescribe the procedure for doing so. *See Egan v. Fridlund-Horne*, 221 Ariz. 229, 239, ¶ 37 (App. 2009) (recognizing the presumption that "when the legislature uses different wording within a statutory scheme, it intends to give a different meaning and consequence to that language").

**¶10** Petitioner points to § 12-1173.01(C), which provides that the *remedies* afforded by the addition of this statute "are in addition to and do not preclude any other remedy granted by law." There is, however, no such expansive statement as to procedure. Rather, § 12-1173.01(A) makes clear, as to *procedure*, that an occupant in those scenarios specifically listed may only "be removed through an action for forcible detainer filed with *the clerk of the superior court*." (Emphasis added.) Indeed, any other interpretation would render the entirety of § 12-1173.01(A)(2) superfluous, which would be inconsistent with a primary principle of statutory interpretation. *See Nicaise*, 245 Ariz. at 568, ¶ 11. Because the language of § 12-1173.01 is unambiguous, we need not resort to secondary statutory interpretation principles to ascertain the legislature's intent.

---

[2] The superior court correctly noted that A.R.S. § 12-1173.01 was enacted by the legislature after *Andreola* was decided.

¶11      Since the statute's adoption in 1984, no appellate court has been tasked with interpreting whether § 12-1173.01 grants exclusive jurisdiction to the superior court in post–trustee's sale forcible detainer actions. We acknowledge that our holding may well conflict with the common practice in Arizona. However, we cannot disregard the statute's plain language in deference to common practice. The superior court did not err in determining that, under § 12-1173.01, the justice court lacked jurisdiction over Petitioner's forcible detainer action. [3]

## CONCLUSION

¶12      For the foregoing reasons, we accept jurisdiction, but deny relief.



---

[3] Petitioner also contends the Johnsons waived any defenses and objections to the sale of the property pursuant to A.R.S. § 33-811(C) by failing to obtain an injunction preventing the sale and by failing to raise the issue of jurisdiction with the justice court. Lack of subject matter jurisdiction, however, can be raised at any time. *See, e.g.*, *Medina v. Ariz. Dep't. of Transp.*, 185 Ariz. 414, 418 (1995). Because A.R.S. § 12-1173.01 does not grant the justice court subject matter jurisdiction over post–trustee's sale forcible detainer actions, the Johnsons did not waive the right to contest jurisdiction.