NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

R. JEAN BLANSETTE CRUGER, *Plaintiff/Appellee,*

*v.*

BRADLEY BLANSETTE, *Defendant/Appellant.*

No. 1 CA-CV 21-0649
FILED 9-8-2022

Appeal from the Superior Court in Maricopa County
No. CV2020-005924
The Honorable Richard F. Albrecht, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Bradley Blansette, Scottsdale
*Defendant/Appellant*

Sacks Tierney, PA, Scottsdale
By Randy Nussbaum, Michael J. Harris
*Counsel for Plaintiff/Appellee*

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge Paul J. McMurdie joined.

**C A M P B E L L**, Judge:

¶1          In this forcible detainer action, Bradley Blansette challenges the superior court's entry of judgment in favor of R. Jean Blansette Cruger, in her capacity as trustee of the R. Jean Blansette Cruger Living Trust, dated October 17, 2018 (the Trust). For the following reasons, we affirm.

## BACKGROUND

¶2          Cruger is Blansette's mother. In 2004, Cruger recorded a warranty deed documenting her purchase of certain real property (the Property), in her individual capacity, as her sole and separate property. Since 2004, Blansette lived at the Property. Although no written lease agreement governed the terms of his occupancy, Blansette initially paid the Property's mortgage but ceased making payments in 2006. In 2018, Cruger conveyed record title to the Property to the Trust via a warranty deed.

¶3          In 2019, Cruger, as trustee of the Trust, notified Blansette through a certified letter that his right to occupy the Property would terminate effective December 31, 2019. After Blansette refused to move out, Cruger filed a forcible detainer action to evict him from the Property. In response, Blansette denied the existence of a landlord-tenant relationship between him and Cruger and instead claimed an ownership interest in the Property - asserting, as co-owner, he needed no "permission" to reside on the premises.[1]

¶4          At an initial hearing, Blansette pled not guilty and requested a jury trial. The superior court denied his request for a jury trial and set the matter for a bench trial at a later date.

¶5          Shortly thereafter, Cruger moved for summary judgment, attaching the recorded warranty deeds and the termination of tenancy letter as supporting documents. The superior court denied the motion for

---

[1]      Blansette also filed a quiet title action, but the sole subject of this appeal is the forcible detainer action.

summary judgment, citing Cruger's failure to submit a declaration or affidavit, and proceeded to a forcible detainer bench trial. After the parties elicited sworn testimony from the witnesses and admitted evidence into the record, the superior court issued a ruling finding Blansette guilty of the forcible detainer.

**¶6**       Blansette timely appealed that judgment, challenging the superior court's denial of his request for a jury trial. *Cruger v. Blansette*, 1 CA-CV 20-0391, 2021 WL 2671919, at *1, ¶ 7 (Ariz. App. June 29, 2021) (mem. decision). While noting that the right to a jury trial "is not violated when there are simply no genuine issues of fact for a jury to consider," this court vacated the forcible detainer judgment because the superior court failed to make an express finding regarding the existence of disputed facts. *Id.* at *2, ¶¶ 9–11 (internal quotations omitted). In remanding the matter for further proceedings, this court explained that Cruger "[wa]s free to renew her motion for summary judgment . . . and the superior court remain[ed] free to grant a forcible detainer judgment without a jury" if it found no material facts in dispute. *Id.* at ¶ 12.

**¶7**       On remand, Cruger again moved for summary judgment. In support of her motion, Cruger again submitted the warranty deeds and termination of tenancy letter but also attached a signed declaration and a signed judgment in her favor from the parallel quiet title action. In response, Blansette reasserted his claim of an ownership interest in the Property and argued that Cruger obtained the warranty deeds by fraud.

**¶8**       Upon review of the parties' motions and exhibits, the superior court granted the motion for summary judgment, expressly finding that the "undisputed material facts" established that Cruger "has a right of superior possession as a matter of law." Blansette timely appealed.

## DISCUSSION

**¶9**       Citing *United Effort Trust Plan v. Holmes*, 209 Ariz. 347, 350–51, ¶ 21 (App. 2004), and *Phoenix-Sunflower Industries, Inc. v. Hughes*, 105 Ariz. 334, 336 (1970), which held that the forcible detainer statutes apply only when the parties have a landlord-tenant relationship, Blansette contends that a genuine factual dispute concerning the existence of a landlord-tenant relationship precluded entry of summary judgment in this forcible detainer action. Denying the existence of such a relationship, Blansette claims that he and Cruger purchased the Property as part of "a real estate partnership," granting him "a life-estate interest" in the Property.

¶10        In reviewing a grant of summary judgment, we view the facts and the reasonable inferences drawn from those facts in the light most favorable to the non-moving party. *Normandin v. Encanto Adventures, LLC*, 246 Ariz. 458, 460, ¶ 9 (2019). "We determine de novo whether any genuine issues of material fact exist and whether the [superior] court correctly applied the law." *Diaz v. Phx. Lubrication Serv., Inc.*, 224 Ariz. 335, 338, ¶ 10 (App. 2010). Summary judgment is appropriate "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a).

¶11        A forcible detainer action "is a statutory proceeding, the object of which is to provide a summary, speedy and adequate means for obtaining possession of premises by one entitled to actual possession." *Heywood v. Ziol*, 91 Ariz. 309, 311 (1962). Accordingly, challenges to the validity of title can neither be raised nor resolved in such a proceeding, though "the fact of title may be proved as a matter incidental to showing right of possession by an owner." *Andreola v. Ariz. Bank*, 26 Ariz. App. 556, 557 (1976); A.R.S. § 12-1177(A) ("On the trial of an action of forcible entry or forcible detainer, the only issue shall be the right of actual possession and the merits of title shall not be inquired into."). We review the superior court's application of the relevant statutes de novo. *See City of Tucson v. Pima County*, 190 Ariz. 385, 386 (App. 1997).

¶12        It is undisputed that: (1) Cruger recorded a warranty deed in 2004 reflecting her acquisition of the Property as her sole and separate property; (2) Blansette resided in the Property from 2004 to 2022; (3) no written agreement governed Blansette's occupancy of the Property, but he initially made the Property's mortgage payments and ceased making payments in 2006; (4) Cruger conveyed title to the Property to the Trust in 2018; (5) Cruger, on behalf of the Trust, mailed Blansette a certified letter notifying him that his tenancy terminated effective December 31, 2019; and (6) Blansette remained in possession of the Property after the termination date.

¶13        To defend against the motion for summary judgment, Blansette submitted a signed statement from Cruger acknowledging that he provided one-half of the earnest money deposit for the Property ("in the amount of approximately $18,350") and made several mortgage payments for the Property ("for at least the first 15 but not more than 24 months"). But contrary to Blansette's apparent contention, his initial contribution to the Property's earnest money deposit and subsequent payments on the Property's mortgage do not negate the uncontroverted evidence that Cruger (now as Trustee of the Trust) is the Property's owner of record.

Stated differently, Blansette's claim that he holds an ownership interest in the Property and Cruger defrauded him by failing to name him on the 2004 warranty deed challenges the merits of title to the Property, not the right to actual possession of the Property, and therefore must be resolved in a separate quiet title action.[2] *See Curtis v. Morris*, 184 Ariz. 393, 398 (App. 1995) ("Because [a forcible detainer] action does not bar subsequent proceedings between the parties to determine issues other than the immediate right to possession, those issues are better resolved in proceedings [other than forcible detainer actions].").

¶14 "A person is guilty of . . . forcible detainer . . . if he [w]ilfully and without force holds over any . . . real property after termination of the time for which such . . . real property were let to him . . . , after demand made in writing for the possession thereof by the person entitled to such possession." A.R.S. § 12-1171(3). "There is a forcible detainer if [a] tenant . . . by sufferance . . . whose tenancy has been terminated retains possession after his tenancy has been terminated or after he receives written demand of possession by the landlord." A.R.S. § 12-1173(1). A tenancy by sufferance is created when a person who initially lawfully possessed property continues to hold possession after his right to possession has been terminated. *See Andreola*, 26 Ariz. App. at 558 ("To constitute a tenancy by sufferance there need not have been any prior contract of letting; all that is necessary is that the tenant should have entered into possession of the premises lawfully and shall continue to hold after the termination of his right.") (quotation omitted).

¶15 The parties do not dispute that Cruger permitted Blansette to reside at the Property from 2004 through 2019.[3] The record also clearly

---

[2] We note that the superior court resolved the quiet title action in Cruger's favor, concluding Blansette held no ownership interest in the Property.

[3] Relying on A.R.S. §§ 12-522 and -526, Blansette contends that Cruger's forcible detainer claim is time-barred, but neither statute applies to this case. Section 12-522 imposes a two-year limitation on a property owner seeking to recover property from another who has *claimed the property* "by right of possession only," and A.R.S. § 12-526 precludes a landowner from bringing an action to recover property that has been *adversely possessed* by another for more than ten years. While Blansette seemingly argues that his claim to the Property "by right of possession" and "adverse possession" began when he ceased making the mortgage

reflects that Cruger sent Blansette a certified letter notifying him that his right to occupy the Property terminated on December 31, 2019. Despite having received the written demand, Blansette failed to vacate the premises. By remaining on the premises after the termination date, Blansette became a tenant by sufferance and committed forcible detainer.

**¶16** Finally, to the extent Blansette challenges the superior court's denial of his request for a jury trial, we find no error. While A.R.S. § 12-1176 liberally confers a jury trial right to litigants in a forcible detainer action, A.R.S. § 12-1176(B) ("If the plaintiff does not request a jury, the defendant may do so on appearing and the request shall be granted."), Rule of Procedure for Eviction Actions 11(e) directs the superior court, when presented with a jury trial request, to "inquire and determine the factual issues to be determined by the jury." If no question of fact exists, "the matter shall proceed to a trial by the judge alone regarding any legal issues or may [be] disposed of by motion or in accordance with the[] rules, as appropriate." *Id.* Read together, the statute and rule provide that a defendant in a forcible detainer action who requests a jury trial is entitled to one insofar as the court determines that factual issues exist for a jury to decide. *See Hornbeck v. Lusk*, 217 Ariz. 581, 583, ¶ 6 (App. 2008) (explaining courts consider related statutes and rules in conjunction with one another and harmonize them when possible). In the event no factual issues exist, however, the court alone may decide the legal matters by trial or motion. *See Montano v. Luff*, 250 Ariz. 401, 406–07, ¶¶ 15–17 (App. 2020). Because the defense improperly challenged the merits of Cruger's title and no genuine dispute of material fact existed, the superior court did not err by denying Blansette's request for a jury trial and summarily entering judgment in Cruger's favor.[4]

---

payments in 2006, he has not cited, and our review of the record has not revealed, any evidence that he challenged Cruger's title to the property ten years, or even two years, before Cruger filed the forcible detainer complaint in this action. *See Leon v. Byus*, 115 Ariz. 451, 453 (App. 1977) ("As a general rule, a possession in its inception permissive, or otherwise not hostile, does not become hostile without a clear disclaimer of the true owner's title and a claim of adverse right . . . .").

[4]    In his opening brief, Blansette alleges in passing that the superior court judge demonstrated "significant bias" against him. By failing to develop the argument beyond a single, fleeting statement or cite relevant supporting authority, Blansette waived this claim. *See Polanco v. Indus. Comm'n of Ariz.*,

**CONCLUSION**

**¶17**        For the foregoing reasons, we affirm the forcible detainer judgment. Both parties request attorneys' fees and costs on appeal, citing A.R.S. §§ 12-341, -341.01, and -349. Blansette was not represented by counsel on appeal, and we deny his request for attorney's fees and other unspecified fees, punitive damages, and property damages. Under A.R.S. § 12-341.01(A), a court may award attorneys' fees to the prevailing party in a dispute that arises out of a contract. A forcible detainer action against a tenant by sufferance, however, does not arise out of contract. *Bank of New York Mellon v. Dodev*, 246 Ariz. 1, 11–12, ¶ 38 (App. 2018); *Carrington Mortg. Servs. LLC v. Woods*, 242 Ariz. 455, 457, ¶ 14 (App. 2017). Therefore, A.R.S. § 12-341.01 provides no basis for an attorneys' fees award in this case. Section 12-349, on the other hand, authorizes a sanction-based award of attorneys' fees. While unsuccessful, we do not conclude that Blansette's claims are wholly groundless or otherwise made in bad faith, and therefore deny Cruger's attorneys' fees request on that basis. As the prevailing party on appeal, we nonetheless award Cruger her costs, conditioned upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

214 Ariz. 489, 491, ¶ 6 n.2 (App. 2007) (explaining an appellant's failure to develop and support an argument waives the issue on appeal).